Russell Graham **KIRKPATRICK**,
Appellant,

v.

**ATLANTIC COAST LINE RAILROAD
COMPANY**, Appellee.

No. 17008.

United States Court of Appeals
Fifth Circuit.

Sept. 22, 1958.

William S. Frates, Sam Daniels, Evelyn Gobbie, Peter T. Fay, Miami, Fla., Nichols, Gaither, Green, Frates & Beckham, Miami, Fla., for appellant.

H. Reid DeJarnette, Miami, Fla., Dixon, DeJarnette, Bradford & Williams, Miami, Fla., for appellee.

Before TUTTLE, BROWN, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This damage suit arises out of a collision that occurred at a railroad crossing between an automobile operated by the plaintiff, Kirkpatrick, and the defendant railroad company's train. The jury returned a verdict for the defendant, and the plaintiff appeals.

The question presented on appeal is whether the district court erred in charging the jury under the Florida

comparative negligence statute, F.S.A. § 768.06,[1] in the following manner:

"I instruct you, ladies and gentlemen of the jury, that the plaintiff, Russell Graham Kirkpatrick, was guilty of negligence as a matter of law because of the manner in which he operated his motor vehicle; namely, he was guilty of negligence contributing to this injury because of his failure to look and see and hear the approaching train at that particular crossing, which then brings the matter to your determination whether or not the railroad company was also guilty of negligence and then determine what, if any, injuries he sustained and to apportion any amount you find he should recover, in proportion to their combined negligence if you find them both guilty of negligence."

The plaintiff argues that the charge was prejudicial error because the question of his contributory negligence should have gone to the jury, and because when comparative negligence is involved, a finding of negligence as a matter of law as to one party necessarily prejudices the jury in determining degrees of fault between the parties. He says that the verdict for the defendant reflects the error committed.

The collision occurred in broad daylight in Fort Myers, Florida, at Cranford Avenue, where it crosses the Atlantic Coast Line Railroad track. The speed of the automobile as it approached the crossing was about 18 miles per hour. The defendant's train was traveling at about the same rate of speed. The fireman and flagman saw the approaching car 150 feet away, and assumed that it would stop. When they realized it was not going to stop, it was too late to avoid the collision. By the plaintiff's own admissions, he did not see or hear the train, but if he had looked to the right he would have seen it, and would have been able to stop in time. The train crew gave adequate signals at the crossing. Four disinterested witnesses testified to this effect. Brissell, who was a block north of the crossing, heard the whistle blowing and the bell ringing continuously until the impact. Stephens was about 200 feet south of the crossing and heard the bell and whistle at Cranford Avenue. His wife gave the same story. Hingson was about 450 feet south of the crossing. He testified that he heard the bell and whistle, and could see the automobile. When asked what the automobile did, he said, "[w]ell, the train was coming and the automobile was coming and I guess both of them ran at the same speed, and I heard the train blowing and the car kept coming and I was watching both to see what was going to happen." As for the train, "[i]t was really blowing and ringing. The whistle blowing and the bell ringing."

The verdict for the defendant reflects no error. On the contrary, it reflects a careful weighing of the evidence, and a conclusion that the defendant was free of negligence. We affirm the judgment of the district court for the defendant.

■ The argument of the plaintiff that the charge of the trial judge was prejudicial and that the question of the plaintiff's negligence should have gone to the jury, is not well taken. In Van Allen v. Atlantic Coast Line R. Co., 5 Cir., 1940, 109 F.2d 780, we dealt with a strikingly similar case. There the plaintiff was a guest in an automobile that collided with the defendant's train. The proximate cause of the collision was the reckless manner in which the driver crossed the track without looking. The defendant was granted a directed verdict.

---

1. Florida Statutes Annotated, section 768.-06 provides:

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the plaintiff and the agents of the company are both at fault, the former may recover, but the amount of recovery shall be such a proportion of the entire damages sustained, as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant."

On appeal the plaintiff urged that under the Florida comparative negligence statute, there was a jury issue on the question of the defendant's negligence. We affirmed the judgment of the lower court. True, there was no instruction on the negligence, as a matter of law, of one of the parties. The Van Allen opinion went further. It recognized that even under a comparative negligence statute the question of the negligence *of either or both* parties could be taken from the jury. In the present case, the trial judge at least allowed the issue of comparative negligence to go to the jury. In the light of the Van Allen case, however, he could have instructed the jury that the plaintiff, as a matter of law, was guilty of contributory negligence. The plaintiff was in no way prejudiced, because the jury was specifically instructed that if they found the defendant to be negligent as well the plaintiff could still recover something.

This is not inconsistent with our decision in Atlantic Coast Line R. Co. v. Hadlock, 5 Cir., 1950, 180 F.2d 105. There the evidence was such that it could not be said, as a matter of law, that the plaintiff, the driver, was negligent. In that case, the railroad knew the crossing was dangerous and visibility poor. The collision occurred at night. The driver did not know that he was approaching a crossing. Under these circumstances, the case went to the jury. In the present case, however, the plaintiff was traveling in broad daylight and visibility was good; he drove his automobile onto the plainly visible track without looking. The Hadlock case has no application to the facts here.

■■ The only other assignment of error is the denial of the plaintiff's motion for mistrial that was made because a juror was seen talking with a witness. The court did not think the conversation concerned the trial. The granting or denying of a new trial is discretionary with the trial judge, and only where there has been an abuse may an appellate court disturb his ruling. Washington Times Co. v. Bonner, 1936, 66 App.D.C. 280, 86 F.2d 836, 848, 110 A.L.R. 393. The trial judge did not abuse his discretion.

The judgment is

Affirmed.