320 So.2d 476 (1975)
Mariano SANTIESTEBAN et al., Appellants,
v.
Raymond McGRATH, Appellee.
Raymond McGRATH, Appellant,
v.
Mariano SANTIESTEBAN et al., Appellees.
Nos. 75-272, 75-55.
District Court of Appeal of Florida, Third District.
October 21, 1975.
*477 Whitman & Wolfe, Miami, for McGrath.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Thomas E. Scott, Jr., Miami, for Santiesteban & Government Employees Ins. Co.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This damage suit arises out of an automobile collision between Raymond McGrath, plaintiff in the trial court, and Mariano Santiesteban, the defendant. Both plaintiff and defendant have brought separate appeals which we have consolidated. The issues, however, will be treated separately.
Plaintiff appeals from the final judgment following jury trial awarding him $5,400 in damages as a result of the accident. At the conclusion of all the testimony and both parties having rested, plaintiff moved for a directed verdict on liability. The trial court granted plaintiff's motion but stated that it would permit the question of plaintiff's contributory negligence to be resolved by the jury.
After closing argument of counsel, the court instructed the jury as follows:
"The court has determined and now instructs you as a matter of law that Mariano Santiesteban was negligent and that such negligence was the legal cause of injury and damage to Raymond McGrath. If the greater weight of the evidence does not support the defenses of Mariano Santiesteban and the greater weight of the evidence does support the claim of Raymond McGrath, then your verdict should be for Raymond McGrath in the total amount of his damages.
If, however, the greater weight of the evidence shows that both Raymond McGrath and Mariano Santiesteban were negligent and that the negligence of each contributed as a legal cause of injuries or damages sustained by Raymond McGrath, then your verdict should be for Raymond McGrath and you should award Raymond McGrath the total amount of damages sustained by him, reduced in the same proportion as Raymond McGrath's negligence contributed to his injury or damage."
Thereafter, in special interrogatories propounded by the court to, and returned by, the jury, the jury found that the plaintiff was 10 per cent negligent, the defendant 90 per cent and that the total amount of damages McGrath sustained as a result of the accident was $6,000.
Plaintiff argues that the trial court erred in submitting to the jury the special interrogatories as to comparative negligence for two reasons: (1) That there was, as a matter of law, no comparative negligence involved because there was no evidence from which the jury could find the plaintiff negligent. (2) That once the trial court directed a verdict finding that the defendant was negligent, it precluded and foreclosed the court from submitting to the jury the issue of plaintiff's negligence, if any.
As to plaintiff's first point, we do not find his argument well taken as there was sufficient evidence of plaintiff's negligence to go to the jury. We now address ourselves to plaintiff's second point. As there appear to be no Florida state court decisions on point since Hoffman v. Jones, Fla. 1973, 280 So.2d 431, the record reflects that the trial judge applied the construction of the comparative negligence law under § 768.06, Fla. Stat., the comparative negligence act pertaining to railroads, *478 which was declared unconstitutional in Georgia Southern and Florida Railway Company v. Seven-Up Bottling Company of Southeast Georgia, Fla. 1965, 175 So.2d 39. In the case of Kirkpatrick v. Atlantic Coast Line Railroad Company, 5th Cir.1958, 259 F.2d 409, the trial court found, as a matter of law, that the plaintiff was guilty of contributory negligence but permitted the jury to determine the negligence, if any, attributable to the defendant railroad. Kirkpatrick held that in a comparative negligence case the trial judge could, if the facts so warranted, properly determine the negligence of the plaintiff as a matter of law, permit the jury to assess the percentage of negligence of the defendant, if any, and then, if the defendant was found to be negligent, assess the percentage of negligence of each. In our case under review, the trial court, in granting the directed verdict, determined as a matter of law, that the defendant was negligent; not that the defendant was solely negligent or 100 per cent negligent. The trial judge so instructed the jury. He further instructed the jury that if the plaintiff was negligent, plaintiff's damages should be reduced in the same proportion as plaintiff's negligence. We hold that the issue of the negligence of the plaintiff, if any, was properly permitted to go to the jury even though the negligence of the defendant had been taken from the jury. The trial court, in this regard, is affirmed.
Following the entry of final judgment for the plaintiff, McGrath, defendant, Santiesteban, moved for taxation of costs pursuant to Rule 1.442, RCP,[1] as he had made a timely offer of judgment in the sum of $6,001, which plaintiff refused to accept. The trial judge denied defendant's motion for costs on the ground that the construction of language of the statute made the assessment of costs against the plaintiff discretionary. Defendant appeals from this order. The trial judge found, and plaintiff contends, that the wording of the rule "must pay the costs incurred after the making of the offer" is to be interpreted as discretionary and not mandatory. Plaintiff further argues that the rule must be considered in light of § 57.041, Fla. Stat., which provides that the party recovering judgment shall recover his legal costs. These arguments are not well taken. Rule 1.442, RCP, became effective January 1, 1973. There are no Florida cases interpreting this aspect of the rule. We, then, look to federal decisions under comparable federal rules. Dorr-Oliver, Inc. v. Linder Industrial Machinery Company, Fla.App. 1972, 263 So.2d 237. From a reading of federal cases[2] construing Rule 68 of the Federal Rules of Civil Procedure, which is identical to Rule 1.442, RCP, and from what we determine to be the intent of the Florida rule, we hold that the express language of the rule leaves no doubt that reasonable costs must be awarded to the defendant where, a proper offer of judgment is made thereunder, the plaintiff does not accept the offer, and the judgment finally obtained by the plaintiff is not more favorable than the offer. The rule itself is couched in mandatory terms and is designed to induce or influence a party to settle litigation and obviate the necessity of a trial. Therefore, the trial court erred, thus the order denying costs to the defendant is vacated with directions to assess reasonable costs for the defendant against the plaintiff.
Affirmed in part and reversed in part.
NOTES
[1] Rule 1.442, RCP, pertaining to offers of judgment, states in pertinent part that: "... If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer... ."
[2] See, for example, Nabors v. Texas Co., W.D. La. 1940, 32 F. Supp. 91.