796 F.2d 1464
 Steven SOLOMON, d/b/a Leonardo's Pizza, Plaintiff-Appellant,
v.
CITY OF GAINESVILLE, a municipal corporation, and Al Davis,
Individually and in his capacity as building code
enforcement office of the City of
Gainesville, Defendants-Appellees.
 No. 85-3974
Non-Argument Calendar.
 United States Court of Appeals, Eleventh Circuit.
 Aug. 19, 1986.
 
 Elizabeth L. White, Jacksonville, Fla., for plaintiff-appellant.
 J.T. Frankenberger, Office of City Atty., Gainesville, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Florida.
 Before FAY, JOHNSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Steven Solomon, appeals from the district court's denial of his motion for an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. Sec. 1988 (1982).[1] We reverse and remand.
 
 I. BACKGROUND
 
 2
 In June and July of 1982 Solomon, the owner of Leonardo's Pizza, was notified by the City of Gainesville that a sign above Leonardo's was in violation of a city ordinance, section 29-100(b)(2) of the Gainesville Code, outlawing signs of an "obscene, indecent or immoral nature."[2] Prosecution was threatened if the alleged violation was not corrected. In response, Solomon filed an action under 42 U.S.C. Sec. 1983 (1982) for monetary damages, alleging a deprivation of his rights under the first and fourteenth amendments. Additionally, pursuant to 28 U.S.C. Secs. 2201-02 (1982), Solomon sought injunctive relief and a declaratory judgment that the subject ordinance was facially invalid on first amendment grounds of overbreadth. The district court granted summary judgment in favor of the City, holding that Solomon had no standing to maintain either his section 1983 damages claim or his constitutional claim for which declaratory relief was sought.
 
 
 3
 In a prior appeal, this court reversed the district court's grant of summary judgment on the issue of Solomon's standing to challenge the constitutionality of the ordinance and, further, found the ordinance "facially unconstitutional because of overbreadth and vagueness." Solomon v. City of Gainesville, 763 F.2d 1212, 1215 (11th Cir.1985) (per curiam). The issue of Solomon's standing to maintain his section 1983 claim was not reached as this court concluded that, "[p]laintiff's action under 42 U.S.C. Sec. 1983 was waived on appeal." Id. at 1213. Subsequent to the decision in Solomon, the challenged ordinance, section 29-100(b)(2), was repealed.
 
 
 4
 Upon remand of this action to the district court, Solomon filed his motion for an award of attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988. The City opposed the motion arguing that because Solomon waived his section 1983 claim, there was no statutory basis upon which to award attorney's fees under section 1988. The district court agreed, reasoning:
 
 
 5
 Plaintiff has prevailed in this litigation. Cf. Hanrahan v. Hampton, 446 U.S. 754 [100 S.Ct. 1987, 64 L.Ed.2d 670] (1980). However, plaintiff prevailed on his constitutional claim and not under any of the statutes enumerated [in section 1988]. If plaintiff were to receive an award of attorney's fees in this case, the General American Rule regarding fees could be entirely subverted by including a Sec. 1983 claim in every cause, regardless of the merits ... Plaintiff did not prevail under Sec. 1983 and is not entitled to attorney's fees under Sec. 1988.
 
 
 6
 Accordingly, the district court denied the requested fees and costs. This appeal followed.
 
 II. DISCUSSION
 
 7
 Our review of the district court's denial of section 1988 attorney's fees is limited to determining whether there was an abuse of discretion. Ellwest Stereo Theatre, Inc. v. Jackson, 653 F.2d 954, 955 (5th Cir. Unit B 1981).[3] A court's discretion to deny such fees is, however, "exceedingly narrow." Id. Indeed, absent special circumstances that would render an award unjust, a prevailing plaintiff under section 1988 should be awarded fees "as a matter of course." Gates v. Collier, 616 F.2d 1268, 1275 (5th Cir.1980), modified on other grounds, 636 F.2d 942 (5th Cir.1981);[4] thus, ordinarily in order to recover such fees, a plaintiff need only establish that he is the "prevailing party" within the context of section 1988.
 
 
 8
 We find the district court erred in the instant case in concluding that section 1988 does not authorize an award of fees to a litigant, such as Solomon, who prevails only under a constitutional claim. As we recently reiterated in Martin v. Heckler, 773 F.2d 1145, 1149 (11th Cir.1985) (en banc), the test of whether one is a prevailing party is:
 
 
 9
 'whether he or she has received substantially the relief requested or has been successful on the central issue,' Watkins v. Mobile Housing Board, 632 F.2d 565, 567 (5th Cir. Unit B 1980), or, stated another way, whether 'plaintiffs' lawsuit was a catalyst motivating defendants to provide the primary relief sought in a manner desired by litigation.' Robinson v. Kimbrough, 652 F.2d 458, 465 (5th Cir.1981).
 
 
 10
 There is simply no doubt that Solomon satisfies this test. He succeeded in one of the primary objectives of this litigation, namely having the city sign ordinance declared violative of the first amendment and, further, due to his successful challenge, having the ordinance repealed. The fact that Solomon waived his section 1983 damages claim does not diminish his successful challenge of the ordinance nor, deprive him of his claim to fees.
 
 
 11
 Even though he succeeded only on his first amendment claim, for which declaratory relief was sought, he prevailed upon a claim which established a right "secured by the Constitution." 42 U.S.C. Sec. 1983. By its express terms, section 1988 authorizes an award to the prevailing party "in any action ... to enforce a provision" of section 1983. As the Supreme Court explained in Maher v. Gagne, 448 U.S. 122, 129 n. 11, 100 S.Ct. 2570, 2574-75 n. 11, 65 L.Ed.2d 653 (1980) "[a]lthough the reference to actions 'to enforce' Sec. 1983 is somewhat imprecise in light of the fact that Sec. 1983 does not itself create substantive rights, the legislative history makes it perfectly clear that the Act was intended to apply in any action for which Sec. 1983 provides a remedy." Following this reasoning, the Eighth Circuit stated in Consolidated Freightways Corp. v. Kassel, 730 F.2d 1139, 1141-42 (8th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 126, 83 L.Ed.2d 68 (1984):
 
 
 12
 [T]he fact that a party prevails on a ground other than Sec. 1983 does not preclude an award of attorney's fees under Sec. 1988. If Sec. 1983 would have been an appropriate basis for relief, then [a prevailing party] is entitled to attorney's fees under Sec. 1988 even though relief was actually awarded on another ground. See Maher v. Gagne, 448 U.S. 122, 132 n. 15, 100 S.Ct. 2570, 2576 n. 15, 65 L.Ed.2d 653 (1980).
 
 
 13
 We, therefore, find that Solomon is the prevailing party under section 1988 and, further, that there are no special circumstances justifying a denial of attorney's fees and costs. Accordingly, we reverse the order of the district court denying section 1988 attorney's fees, and remand to the district court with instructions to determine a reasonable fee award in accordance with the twelve criteria set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974).
 
 
 14
 REVERSED and REMANDED.
 
 
 
 [1]
 42 U.S.C. Sec. 1988 (1982) provides in pertinent part:
 In any action or proceeding to enforce a provision of [section 1983] ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 [2]
 Section 29-100(b)(2) read in full:
 It shall be unlawful to erect, cause to be erected, maintain or cause to be maintained any of the following street graphics: signs or any other street graphics displaying any statement, word, character or illustration of an obscene, indecent or immoral nature.
 The sign in question depicted a modified version of Leonardo da Vinci's illustration "Proportions of the Human Figure."
 
 
 [3]
 In Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir.1982) we adopted as precedent decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981
 
 
 [4]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) we adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981