PER CURIAM.
This is an appeal by the plaintiff Stanley Reid from a final order denying his motion for attorney’s fees after a jury verdict was rendered in his favor in a civil rights action under 42 U.S.C. § 1981 (1983). We reverse the order under review based on the following briefly stated legal analysis.
First, 42 U.S.C. § 1988 (1983) provides in relevant part that “[i]n any action or proceeding to enforce a provision of section[ ] 1981 ..., the court, in its discretion, may allow the prevailing party, ... a reasonable attorney’s fee.” Under the above statute, the prevailing party is a plaintiff who “ ‘succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing the suit.’ ” Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 *178 (1983) (quoting from Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)).
Second, the plaintiff Stanley Reid, contrary to the trial court’s ruling below, was the prevailing party under 42 U.S.C. § 1988 (1983) in his civil rights suit brought below against the defendant Wilson Bottling Corporation. He obtained a jury verdict in his favor in the amount of $30,000. The fact that the defendant offered to settle the case for $50,000 cannot change this result because, inter alia, the offer was not made until after the plaintiff rested his case at trial. See Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); Solomon v. City of Gainesville, 796 F.2d 1464, 1466 (11th Cir.1986); Martin v. Heckler, 773 F.2d 1145, 1501 (11th Cir.1985); Fed.R.Civ.P. 68 (Any settlement offer potentially affecting “prevailing party” status must be made “formally” and “[a]t any time more than 10 days before the trial begins....”) (emphasis added); see also Hernandez v. Travelers Ins. Co., 331 So.2d 329, 331 (Fla. 3d DCA 1976) (purpose of rule is to “influence a party to ... obviate the necessity of a trial”); Santiesteban v. McGrath, 320 So.2d 476, 478 (Fla. 3d DCA 1975) (same); Fla.R.Civ.P. 1.442 (Offer of judgment bringing into play position urged by defendant must be made “[a]t any time more than ten days before the trial begins— ”) (emphasis added).
Third, it is well settled that attorney’s fees should ordinarily be awarded to the prevailing plaintiff in civil rights actions under 42 U.S.C. § 1981 (1983). Hensley, 461 U.S. at 429, 103 S.Ct. at 1937, 76 L.Ed.2d at 48; Newman v. Piggie Park Enters., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1266 (1968). Because no compelling considerations or “special circumstances ... renderpng] [an] award unjust,” see Martin v. Heckler, 773 F.2d at 1149 (quoting from Hensley), were shown below to overcome this presumptive entitlement to attorney’s fees, the trial court erred in denying the plaintiff's motion for attorney’s fees in this case.
The final order under review is reversed, and the cause is remanded to the trial court with directions to award the plaintiff a reasonable attorney’s fee in this cause.
REVERSED AND REMANDED.