[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 06-15404, 06-16425
Non-Argument Calendar

_____

D. C. Docket No. 06-01586-CV-CAP-1

JAMES CAMP,

Plaintiff-Appellant,

versus

BETTY B. CASON, in her
official capacity as Probate
Judge for Carroll County, Georgia,
BILL HITCHENS, in his official
capacity as the Commissioner of
the Georgia Department of
Public Safety,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(March 23, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant James Camp's renewal application for his Georgia Firearms License ("GFL") was denied because he refused to disclose his Social Security Number ("SSN"). Camp filed this lawsuit, raising federal Privacy Act and state law claims. After review, we affirm in part and reverse in part the district court's dismissal of Camp's claims.

## I.  BACKGROUND

### A.    The Complaint

On July 5, 2006, Camp filed this lawsuit against defendants-appellees Betty B. Cason, the Probate Judge for Carroll County, and Bill Hitchens, the Commissioner of the Georgia Department of Public Safety, in their official capacities. We outline the allegations in Camp's complaint.[1]

In June 2006, Camp submitted a renewal application for a GFL to the Carroll County Probate Court. Camp provided all information requested on the application form, except for his SSN. When the Probate Clerk requested Camp's SSN, Camp refused. The Probate Court would not process Camp's renewal

---

[1]In reviewing the district court's order on defendants' motions to dismiss, we accept as true all factual allegations in Camp's complaint. See Owens v. Samkle Auto., Inc., 425 F.3d 1318, 1320 (11th Cir. 2005).

application unless he disclosed his SSN. The Department of Public Safety is responsible for this statewide GFL application form. See Ga. Code Ann. § 16-11-129(a).

Camp's complaint asserts that defendants violated his rights in two distinct ways: (1) by not granting his GFL renewal because he refused to disclose his SSN, in violation of Section 7(a)(1) of the Privacy Act;[2] and (2) by using an application form that does not indicate whether the disclosure of an individual's SSN is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it, in violation of Section 7(b) of the Privacy Act.[3] The complaint also alleges that defendants violated the Georgia firearms statute, Ga. Code Ann. § 16-11-129(a), by requiring him to disclose nonpertinent information about his employment on the GFL application.

Camp's complaint requests "declaratory and prospective injunctive relief," including, inter alia: (1) an order directing defendants to process Camp's GFL

---

[2]Section 7(a)(1) of the Privacy Act provides that "[i]t shall be unlawful for any Federal, State, or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." Privacy Act of 1974, Pub. L. No. 93-579, § 7(a)(1), 88 Stat. 1896, 1909 (codified as amended at 5 U.S.C. § 552a (note)).

[3]Section 7(b) of the Privacy Act provides that "[a]ny Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it." Privacy Act of 1974, Pub. L. No. 93-579, § 7(b), 88 Stat. 1896, 1909 (codified as amended at 5 U.S.C. § 552a (note)).

application without his SSN; (2) a declaratory judgment that the GFL application form violates the Privacy Act and that defendants violated Camp's rights under the Privacy Act, the Fourteenth Amendment, and the Georgia Constitution; (3) a declaratory judgment that employment information is neither pertinent nor relevant to a GFL application under Ga. Code Ann. § 16-11-129(a); (4) an injunction prohibiting defendants from requiring an individual's SSN or an individual's employment information as a precondition to obtaining a GFL; (5) an injunction requiring defendants to conform the GFL application form to Section 7(b) of the Privacy Act; (6) expungement of Camp's SSN and employment information from all of defendants' records; and (7) costs and attorney's fees.

**B.      Plaintiff's Motion for TRO**

With his July 5, 2006 complaint, Camp filed a motion for a temporary restraining order ("TRO") or preliminary injunction compelling defendants to accept his application and renew his GFL.  On July 11, 2006, the district court entered a two-sentence order summarily granting Camp's TRO motion, as follows:

> This action is currently before the court on the plaintiff's motion for temporary restraining order [Doc. No. 2].  After considering the written pleadings filed by the parties and conducting a hearing on this matter, the court GRANTS the plaintiff's motion for temporary restraining order [Doc. No. 2] as follows: after the completion by the plaintiff of an application for the renewal of his [GFL] and for a temporary renewal license pursuant [to Ga. Code Ann.] § 16-11-129 with the exception of the disclosure of his [SSN], the Probate Court of

4

Carroll County shall accept and process the plaintiff's applications regardless of the omission of the plaintiff's [SSN].

The district court's order did not address any of Camp's Privacy Act claims or state law claims. It did not address Camp's claims about the illegalities in the GFL application form or any of the other declaratory or injunctive relief requested by Camp. The district court simply ordered defendants to process and accept Camp's application for a GFL without his SSN.[4]

Defendants complied, processed Camp's application, and issued his renewed GFL.[5]

## C. Defendants' Motions to Dismiss

Defendants then filed motions to dismiss, arguing that the case was now entirely moot because Camp had his GFL. Defendant Hitchens also argued that the case was moot because the Department of Public Safety had revised the GFL application form to make an applicant's SSN and employment information optional. Hitchens attached a copy of the revised application form to his motion to dismiss. The revised application states: (1) "*SSN **Optional**, but will help prevent misidentification*"; and (2) "*Employment information **Optional**, but will be helpful*

---

[4]The order states that the district court granted the motion "[a]fter considering the written pleadings filed by the parties and <u>conducting a hearing</u>," but the district court's docket sheet does not have an entry of any hearing, and there is no transcript of a hearing in the record. Thus, we look to only the district court's order.

[5]Defendants have not cross-appealed the district court's July 11 order.

5

*for contacting applicant.*"[6]

Camp responded, arguing that defendants continue to violate the Privacy Act, and that he had not received any of the other declaratory and injunctive relief requested in his complaint. For example, Camp stressed that the amended form still violates the Privacy Act's requirement that a government agency requesting a SSN "shall inform . . . by what statutory or other authority such number is solicited, and what uses will be made of it." Privacy Act of 1974, Pub. L. No. 93-579, § 7(b), 88 Stat. 1896, 1909 (codified as amended at 5 U.S.C. § 552a (note)).

After defendants replied (still arguing mootness), Camp filed a surreply, to which he attached the affidavits of two Georgia residents, Norman W. Edgar and Todd N. Nims. Edgar and Nims averred that they applied for GFLs after the purported changes to the GFL application but they were nevertheless required to provide their SSNs and employment information.[7]

On September 11, 2006, the district court granted defendants' motions to dismiss, stating that Camp's claims were "rendered moot by events occurring after the commencement of this lawsuit." The district court's order acknowledged

___

[6]According to Hitchens's motion to dismiss, the application form was revised within two weeks after Camp filed his lawsuit. Additionally, Hitchens's motion to dismiss states that "[a]ll counties have been advised of the revised form, and arrangements have been made to distribute the revised form State wide."

[7]Camp also filed a motion for summary judgment on "all issues in this case." The district court did not enter a ruling on Camp's motion for summary judgment.

Hitchens's submission of the revised GFL form, but specifically stated that "mootness in the present case does not depend on the Department's decision to amend the GFL application that was the subject of this litigation. It depends, instead, upon the fact that [the] Probate Court of Carroll County processed [Camp's] renewal application" without requiring his SSN. The district court concluded that it could not offer additional "meaningful relief" to Camp because he had already "received the primary benefit sought in the complaint."

Camp then moved for attorney's fees, arguing that he was the "prevailing party" under 42 U.S.C. § 1988 by virtue of the district court's TRO. The district court denied Camp's motion. Camp timely appealed the dismissal order and the separate attorney's fees order.[8]

## II. DISCUSSION

Pursuant to Article III of the Constitution, federal courts only have jurisdiction over "cases" and "controversies." See Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 1318 (2006). If a lawsuit is rendered moot by subsequent developments, it cannot

---

[8]Camp's appeal from the September 11, 2006 order on the motions to dismiss is No. 06-15404. Camp's appeal from the district court's November 9, 2006 order on attorney's fees is No. 06-16425. We address both appeals in this opinion. We review questions of mootness de novo. See Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). We review the district court's attorney's fees ruling for an abuse of discretion. See Solomon v. City of Gainesville, 796 F.2d 1464, 1466 (11th Cir. 1986).

7

present a live Article III case or controversy. See id. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Mingkid v. U.S. Att'y Gen., 468 F.3d 763, 768 (11th Cir. 2006) (quotation marks and citations omitted). "Put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Id. (quotation marks, alteration, and citations omitted). Mootness can occur by virtue of a change in circumstances or a change in the law. See Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). "The case or controversy requirement must be met throughout the entirety of the proceedings." ACLU v. Florida Bar, 999 F.2d 1486, 1490 (11th Cir. 1993).

## A.    Camp's Privacy Act Claims

For sure, Camp got a renewed GFL, but defendants' refusal to process his GFL application was only one of his claims. Camp's complaint made substantive claims and requested additional meaningful relief beyond his request that defendants process his current GFL application without his SSN. For example, Camp's complaint on its face seeks prospective relief, such as: (1) a declaratory judgment that the GFL application form violates the Privacy Act; (2) an injunction prohibiting defendants from requiring a GFL applicant's SSN; and (3) an injunction requiring defendants to conform the GFL application form to Section

8

7(b) of the Privacy Act. The district court wholly failed to address any of Camp's substantive claims about the application form and process itself. Thus, the district court incorrectly concluded that it could not grant Camp additional meaningful relief.

Moreover, the complaint alleges that Camp already held a GFL and was seeking a renewal GFL at the time his application was denied in 2006. Camp, as a repeat applicant for GFLs, has a concrete, legally cognizable interest in the GFL application process, and he has alleged that both the application form and process violate the Privacy Act. Because GFLs are valid for only five years, see Ga. Code Ann. § 16-11-129, Camp will have to continually renew his license and fill out the GFL application form. Thus, there is a sufficient imminence of future harm. See Elend v. Basham, 471 F.3d 1199, 1208 (11th Cir. 2006).

Defendant Hitchens also argues that the Department of Public Safety's revisions to its GFL application form rendered Camp's prospective claims moot. We disagree. First, as outlined earlier, the district court declared the case moot only because Camp received a GFL, not because of the revised form. Second, Camp submitted two affidavits by other GFL applicants that rebut the contention that a revised GFL application form and process are actually in effect. Given that Hitchens submitted the revised application form with his motion to dismiss,

Camp's two affidavits in reply thereto, if anything, create a material fact issue as to whether the original form remains in circulation or has been replaced. Accordingly, Hitchens's revised form does not moot the case either.

Third, even if we assume that only a revised GFL application form is now used, Camp's complaint still alleges, and he has consistently argued, that the GFL application (in whatever form) violates Section 7(b) of the Privacy Act. Although the revised form makes SSN disclosure optional, Section 7(b) of the Privacy Act provides that any Federal, State, or local government agency that requests an individual to disclose his SSN shall inform that individual not only "whether that disclosure is mandatory or voluntary," but also "by what statutory or other authority such number is solicited, and what uses will be made of it." 88 Stat. at 1909. Camp thus argues that the revised form continues to violate Section 7(b) because it does not disclose the authority for making the optional SSN request or all uses contemplated for the SSNs. Thus, Camp's Privacy Act claims are not moot.

## B. State Law Claim

Likewise, we conclude that the district court erred in concluding that Camp's state law claim for prospective relief—enjoining defendants from requiring employment information—was rendered moot by Camp's receipt of a

GFL. Camp's complaint alleges that to apply for a GFL, he had to supply his employment information, in violation of Ga. Code Ann. § 16-11-129. Section 16-11-129 provides that GFL application forms "shall be designed to elicit information from the applicant pertinent to his or her eligibility under this Code section, including citizenship, <u>but shall not require data which is nonpertinent or irrelevant</u> . . . ." Ga. Code Ann. § 16-11-129(a) (emphasis added). Camp alleges that his employment information is nonpertinent or irrelevant and that the request for that information thus violates the statute.

The district court never addressed this claim, and Camp, as a repeat GFL applicant, has a concrete interest in the GFL application form and process.[9] Moreover, to the extent that the revised form might moot this claim, there is a factual dispute as to whether the revised form has actually been implemented. Thus, the district court also erred in dismissing Camp's state law claim as moot.

## C. Expungement

Camp's complaint also seeks an injunction directing defendants to "expunge, delete, and remove" all of their records containing his SSN and employment information. In its dismissal order, the district court stated that

---

[9]It may be that the district court concluded that because Camp's Privacy Act claims were moot, it no longer had supplemental jurisdiction over Camp's state law claim. Since Camp's Privacy Act claims are <u>not</u> moot, the district court retains supplemental jurisdiction over Camp's state law claim. <u>See</u> 28 U.S.C. § 1367.

11

Camp's request for expungement did not save the case from mootness, "because there is no basis in the complaint for providing [Camp] with the relief he seeks. Nothing in the complaint indicates that [Camp] ever provided this information to the defendants."

As to expungement of Camp's SSN, we agree with the district court. Nothing in the complaint alleges that Camp ever provided his SSN to defendants. Accordingly, we affirm the district court's dismissal of Camp's request for expungement of his SSN.

As to expungement of his employment information, Camp's complaint alleges: (1) that the Department of Public Safety's official GFL application form "demands employment information"; (2) that the Carroll County Probate Court also "demands employment information"; and (3) that Camp, in applying for his GFL in June 2006, refused to provide his SSN but complied "with all other requests of the Carroll County Probate Court and the application." While Camp's request for expungement of his employment information could have been more eloquently articulated, it satisfies the liberal notice pleading standard. See Fin. Sec. Assurance, Inc. v. Stephens, Inc., 450 F.3d 1257, 1262 (11th Cir. 2006). Accordingly, we conclude that the district court erred in ruling that Camp's complaint fails to state a claim for expungement of his employment information.

**D. Costs and Attorney's Fees**

Finally, Camp's complaint requests costs and attorney's fees. Given that the district court erroneously dismissed the remainder of Camp's complaint as moot, we conclude that consideration of Camp's attorney's fees appeal is premature. See Clark Advertising Agency, Inc. v. Tice, 490 F.2d 834, 840 (5th Cir. 1974) ("We find [the] claim for attorney's fees . . . premature. There will be time enough to face this issue once the judgment is final . . . ."). For example, on remand, if Camp obtains additional relief, he may choose to seek additional attorney's fees. On remand, the district court may choose to revisit its November 9, 2006, attorney's fees order. Thus, for reasons of judicial economy and to avoid creating piecemeal attorney's fees litigation, we will defer review of the district court's November 9, 2006, attorney's fees order until another day. We express no opinion regarding the district court's attorney's fees order.

### III. CONCLUSION

We reverse the district court's September 11, 2006 order dismissing Camp's complaint as moot and remand the case to the district court for further proceedings consistent with this opinion. We affirm the district court's September 11, 2006 order only to the extent it dismissed Camp's request for expungement of his SSN. Additionally, we dismiss Camp's appeal of the district court's attorney's fees order

13

without prejudice to Camp's right to re-appeal the order upon re-entry of final judgment.

**No. 06-15404 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED; No. 06-16425 DISMISSED WITHOUT PREJUDICE.**