AMERICANS UNITED FOR SEPARA-
TION OF CHURCH AND STATE,
et al., Plaintiffs,

Phyliss Ball; Katherine Pieper; Gilbert Davis; Patricia Davis; Frederick L. Schwass; Walter Bergman, Plaintiffs–Appellants,

v.

The SCHOOL DISTRICT OF the CITY OF GRAND RAPIDS; Phillip Runkel, Superintendent of Public Instruction of the State of Michigan, et al., Defendants–Appellees.

No. 86–1860.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1987.

Decided Dec. 16, 1987.

Rehearing and Rehearing En Banc Denied Feb. 25, 1988.

Albert R. Dilley, Nancy L. Dilley (argued), Grand Rapids, Mich., for plaintiffs-appellants.

William S. Farr, John R. Oostema (argued), Farr & Oosterhouse, Grand Rapids, Mich., Gerald F. Young, Asst. Atty. Gen., Lansing, Mich., Stuart D. Hubbell [Garcia-Aguilar], Hubbell, Houlihan, Elhart and

Bishop, Traverse City, Mich., for defendants-appellees.

Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and EDWARDS, Senior Circuit Judge.

LIVELY, Chief Judge.

This is an appeal from denial of a motion for attorney's fees brought pursuant to 42 U.S.C. § 1988, as amended by Pub.L. 94–559, the Civil Rights Attorney's Fees Awards Act of 1976.[1] The plaintiffs who sought the award of fees were the prevailing parties in an action to enjoin programs by which a public school system leased classrooms in buildings of religious nonpublic school associations and furnished teachers and staff to instruct students enrolled in the nonpublic schools. In challenging this program the plaintiffs proceeded under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and identified the basis of the district court's jurisdiction as 28 U.S.C. §§ 1331 and 1343(a)(3). The complaint did not refer to 42 U.S.C. § 1983 or any other civil rights statute listed in 42 U.S.C. § 1988.

The question for decision is whether plaintiffs who prevail in an action against state authorities to vindicate rights secured by the Constitution must plead and rely specifically upon 42 U.S.C. § 1983 in order to be entitled to an award of attorney's fees under 42 U.S.C. § 1988. For the reasons hereinafter set forth we reverse the order of the district court denying the motion for fees.

## I.

### A.

The individual plaintiffs-appellants, along with an organization no longer involved, filed the complaint in the underlying action on August 7, 1980. The plaintiffs are residents and taxpayers of the City of Grand Rapids, Michigan. The complaint sought a declaration that the "shared time" and "community education" programs of the School District of Grand Rapids violated the Establishment Clause of the First Amendment, made applicable to the states by the Fourteenth Amendment, and a permanent injunction against continuation of the program. In paragraph 25 of the complaint the plaintiffs alleged that the acts of the defendants "under color of law, deprive the individual plaintiffs ... of rights, privileges and immunities guaranteed them by the Constitution of the United States, and more particularly, rights guaranteed them under the First and Fourteenth Amendments...." The prayer for relief sought a declaratory judgment, an injunction and "such other and further relief as to the Court may seem just and proper."

Following a trial the district court issued an opinion and order granting both declaratory and injunctive relief as prayed for by the plaintiffs. *Americans United for Separation of Church and State v. School District of the City of Grand Rapids*, 546 F.Supp. 1071 (W.D.Mich.1982). The district court order stated:

1. Those programs established and operated by the School District of the City of Grand Rapids, through the use of premises leased from religious nonpublic schools, are declared violative of the Establishment Clause of the First Amendment to the United States Constitution because the entire Shared Time Program, and those portions of the Community Education Program specifically addressed in the Court's Opinion, have the primary effect of advancing religion, and foster an excessive entanglement with religion.

2. The Defendants herein, and each of them, are permanently enjoined from continuing to operate and conduct the above described programs effective this date.

*Id.* at 1100.

This court affirmed the district court, 718 F.2d 1389 (1983), and the Supreme

---

**1.** Section 1988, as amended, provides in pertinent part:

In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92– 318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Court granted certiorari and also affirmed. *School District of the City of Grand Rapids v. Ball,* 473 U.S. 373, 105 S.Ct. 3216, 87 L.Ed.2d 267 (1985). After describing three ways in which the challenged programs have the effect of promoting religion, the Supreme Court stated:

> [T]he conclusion is inescapable that the Community Education and Shared Time programs have the "primary or principal" effect of advancing religion, and therefore violate the dictates of the Establishment Clause of the First Amendment.

*Id.* at 397, 105 S.Ct. at 3230.

### B.

Following the Supreme Court's decision the district court considered the plaintiffs' previously filed motion for fees. The court bifurcated the issues of entitlement and amount, and conducted a hearing to determine whether fees were allowable under the circumstances of this case. In a written opinion the district court concluded that the plaintiffs' action was not brought "to enforce a provision of" 42 U.S.C. § 1983, and therefore did not qualify for an award of attorney's fees under 42 U.S.C. § 1988. The district court observed that the plaintiffs could have proceeded under § 1983 and obtained the same declaratory and injunctive relief, but had chosen instead to rely solely on the Declaratory Judgment Act for a remedy. The court acknowledged that paragraph 25 of the complaint tracks the language of § 1983, but concluded these averments were necessary to state a cause of action based on a violation of the Fourteenth Amendment. While recognizing the value of the lawsuit in causing an end to unconstitutional state activities, the district court found no specific statutory authority for an award of fees. Under the "American rule," as explained by the Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), attorney's fees may not be awarded under a "private attorney general" rationale in the absence of a statute specifically providing for fees.

### II.

The plaintiffs argue that their action qualifies for fees under the language of § 1988. They rely on legislative history and Supreme Court decisions in addition to the statutory language. They assert that the district court denied their application for fees because they did not plead § 1983 specifically even though their action sought and obtained the very type of redress for constitutional violations that § 1983 was designed to provide. As a suit to bring an end to the school district's violation of the Establishment Clause, their action was one "to enforce a provision of § 1983." The plaintiffs maintain that when an action is clearly brought to redress a deprivation of rights, privileges, or immunities secured under the First Amendment, it would be redundant to require a specific citation to § 1983. They also contend that it would be contrary to the spirit and provisions of the Federal Rules of Civil Procedure, particularly Rule 8, to require express citation of a remedial statute such as § 1983 under these circumstances.

The defendants respond that the plaintiffs are not entitled to an award of fees because they neither sought nor obtained relief under § 1983. They disagree with the plaintiffs' view that fees were denied solely because of a pleading deficiency—the failure to cite § 1983. Rather, they contend, the district court denied the plaintiffs' motion because their action was not one to enforce a provision of any civil rights statute specifically identified in § 1988. Like the plaintiffs, the defendants rely on court decisions and legislative history as well as the language of § 1988. Their principal contention is that the plaintiffs chose to seek relief under a particular statute that is not enumerated in § 1988—the Declaratory Judgment Act—instead of instituting an action under one of the remedial statutes that is identified in § 1988.

### III.

We have neither found nor been cited to a case exactly like the present one.

Several cases, however, have involved situations where a prevailing party sued both under § 1983 and another remedial provision and was awarded relief only on the other claim. In others the prevailing party presented a Fourteenth Amendment claim without citing § 1983.

In *Seaway Drive–In, Inc. v. Township of Clay*, 791 F.2d 447 (6th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 274, 93 L.Ed.2d 251 (1986), the plaintiff obtained an injunction against an ordinance designed to regulate drive-in theaters. In its complaint the plaintiff challenged the ordinance under both state law and the First Amendment. The constitutional claim was brought pursuant to § 1983. The case was settled by entry of a consent decree during preliminary injunction proceedings in which the district court did not address or discuss the constitutional claims. At a later hearing on a request for attorney's fees the district court held that fees could not be awarded on the basis of the unaddressed claims because these claims did not raise a substantial constitutional question and were not reasonably related to the plaintiff's ultimate success. This court disagreed, finding that the plaintiff's constitutional claims were substantial and arose out of a common nucleus of operative fact with the state law claims, and thus were related to the plaintiff's ultimate success.

In *Solomon v. City of Gainesville*, 796 F.2d 1464 (11th Cir.1986), the plaintiff filed suit for damages under § 1983 and for injunctive and declaratory relief under 28 U.S.C. §§ 2201–02, contesting the validity of an ordinance on First Amendment grounds. The district court dismissed the action upon finding that the plaintiff lacked standing. The court of appeals reversed, holding that the ordinance was facially unconstitutional. However, the plaintiff had proceeded only under the Declaratory Judgment Act on appeal, thus waiving his § 1983 claim. Following remand, the district court denied the plaintiff's application for attorney's fees, because, while the plaintiff had prevailed on his constitutional claims, he had not done so under any of the statutes listed in § 1988.

The court of appeals stated that the district court had abused its "extremely narrow" discretion in denying the fee request. It identified a test for determining whether a plaintiff is a prevailing party: whether the plaintiff has received substantially the relief requested or has been successful on the central issue. Concluding that Solomon had satisfied this test, the court found that the waiver of his § 1983 damages claim did not affect his claim for fees. Although the plaintiff actually succeeded only on the claim for which declaratory relief was sought, "he prevailed upon a claim which established a right 'secured by the Constitution.' 42 U.S.C. § 1983. By its express terms, section 1988 authorizes an award to the prevailing party 'in any action ... to enforce a provision' of section 1983." 796 F.2d at 1466.

Following extended litigation over fishing rights of Indian tribes, the court concluded in *United States v. State of Washington*, 813 F.2d 1020 (9th Cir.1987), that the tribes were not entitled to an award of attorney's fees pursuant to § 1988. In this case the plaintiff did not plead § 1983, but did allege a Fourteenth Amendment violation along with claims under several treaties. The court's denial of fees was based on a finding that "the character of the principal question" decided by the Supreme Court at the conclusion of the underlying litigation involved an interpretation of treaties rather than a determination of constitutional questions. The court held that the "treaty interpretation claims do not give rise to a claim cognizable under § 1983." *Id.* at 1023. In addition the court found that the Fourteenth Amendment claim was not substantial, and thus did not provide a basis for applying § 1983.

In *Consolidated Freightways Corp. v. Kassel*, 730 F.2d 1139 (8th Cir.), *cert. denied*, 469 U.S. 834, 105 S.Ct. 126, 83 L.Ed. 2d 68 (1984), the plaintiff successfully challenged a state statute restricting the length of trailers. In its complaint the plaintiff alleged a Fourteenth Amendment violation as well as a violation of the Commerce Clause. In holding that the statute violated the Commerce Clause the district court did not consider whether § 1983 was an

appropriate basis for granting relief. The district court denied an award of attorney's fees, holding that the plaintiff failed to prove any Fourteenth Amendment violation, and that its success under the Commerce Clause did not provide the basis for a fee award.

The court of appeals affirmed the denial of fees, concluding that the Commerce Clause is not a constitutional provision that secures rights cognizable under § 1983, and that the plaintiff had not demonstrated a Fourteenth Amendment violation. The court made it clear that this was the proper basis for denial of fees, not the mere fact that the plaintiff had won his case on some ground other than § 1983:

> However, the fact that a party prevails on a ground other than § 1983 does not preclude an award of attorney's fees under § 1988. If § 1983 would have been an appropriate basis for relief, then Consolidated is entitled to attorney's fees under § 1988 even though relief was actually awarded on another ground. *See Maher v. Gagne*, 448 U.S. 122, 132 n. 15, 100 S.Ct. 2570, 2576 n. 15, 65 L.Ed.2d 653 (1980).

730 F.2d at 1142.

In *Kirchberg v. Feenstra*, 708 F.2d 991 (5th Cir.1983), the fee applicant prevailed on a constitutional claim raised as a counterclaim in a declaratory judgment action. She had relied on 28 U.S.C. § 1331 as the jurisdictional authority for her constitutional claim and never amended her complaint to include 28 U.S.C. § 1343(a)(3) for jurisdiction or 42 U.S.C. § 1983 for remedy. The court of appeals reversed the district court's denial of attorney's fees upon finding that the parties agreed that § 1983 provided a remedy "for this action." *Id.* at 999–1000. The court cautioned, however, that § 1988 fees are not available in every action that could be brought under § 1983. The court felt that it would be improper to deny fees in this case because the applicant "had little if any reason to believe before the date of final judgment that amending her complaint to include an action under § 1983 would serve any useful purpose...." *Id.* at 1000.

The rule to be distilled from these decisions is that § 1988 is concerned with the substance of a prevailing party's action, rather than the form in which it is presented. The mere failure to plead or argue reliance on § 1983 is not fatal to a claim for attorney's fees if the pleadings and evidence do present a substantial Fourteenth Amendment claim for which § 1983 provides a remedy, and this claim is related to the plaintiffs' ultimate success.

## IV.

### A.

Section 1988 permits an award of attorney's fees to a prevailing party "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983." The "provisions" of § 1983, pertinent to this decision are:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ We conclude that the plaintiffs in this case are entitled to an award of attorney's fees under § 1988. In their complaint the plaintiffs did not rely only on 28 U.S.C. § 1331 for jurisdiction. Reference to § 1331 would have been a sufficient jurisdictional statement in an action solely for declaratory and injunctive relief under 28 U.S.C. §§ 2201–02. In addition to § 1331, the plaintiffs also pled that the district court had jurisdiction over their action under 28 U.S.C. § 1343(a)(3). That section grants jurisdiction to the district courts of any civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United

States" to recover damages or to secure equitable relief.

In *Lynch v. Household Finance Corp.*, 405 U.S. 538, 543, 92 S.Ct. 1113, 1117, 31 L.Ed.2d 424 (1972), the Supreme Court described § 1343(3) as the "jurisdictional counterpart" of § 1983 and further clarified the relationship between the two sections in a footnote, which reads in part:

Section 2 of the 1866 Act was the model for § 1 of the Civil Rights Act of 1871, 17 Stat. 13. See n. 9, *infra.* Sections 1983 and 1343(3) are direct descendants of § 1 of the Act of 1871. In 1874, Congress consolidated the various federal statutes at large under separate titles in the Revised Statutes in order to codify existing law. In the process, the substantive provision of § 1 of the 1871 Act became separated from its jurisdictional counterpart. Rev.Stat. § 1979. Although the original substantive provision had protected rights, privileges, or immunities secured by the Constitution, the provision in the Revised Statutes was enlarged to provide protection for rights, privileges, or immunities secured by federal law as well.

\* \* \*

Despite the different wording of the substantive and jurisdictional provisions, when the § 1983 claim alleges constitutional violations, § 1343(3) provides jurisdiction and both sections are construed identically. *Douglas v. City of Jeannette*, 319 U.S. 157, 161 [63 S.Ct. 877, 880, 87 L.Ed. 1324 (1943)].

*Id.* at 543–44 n. 7, 92 S.Ct. at 1117–18 n. 7.

In addition to relying on § 1343(a)(3) for jurisdiction the plaintiffs pled a claim under § 1983 in paragraph 25 of their complaint, without specifically relying on that statute. The Supreme Court has stated that only two allegations are required to state a cause of action under § 1983: (1) a plaintiff must allege that some person has deprived him of a federal right; and (2) he must allege that the person so depriving him acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Under *Go-*

*mez*, the allegations in paragraph 25 were sufficient to state a cause of action under § 1983. Furthermore, since the plaintiffs did not seek damages, there would have been no difference in the evidence required for the injunctive relief granted by the court if § 1983 had been pled and specifically relied upon during the course of the trial. A reference to § 1983 would have added nothing to what was already before the court in this action.

**B.**

The parties rely on statements in two Supreme Court opinions and one Sixth Circuit opinion that appear to cut both ways.

In *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* —— U.S. ——, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), cited by the defendants, the parties settled a longstanding dispute concerning the location of an expressway in Durham, North Carolina. This settlement was achieved at an administrative level without the necessity of court action, although an unrelated district court action involved the same dispute and resulted in an injunction which maintained the status quo while the Crest Street parties negotiated. After the settlement was reached the plaintiffs filed an independent action under § 1988 for attorney's fees. The Supreme Court stated the issue for decision as follows:

[W]hether a court may award attorney's fees under ... § 1988, in a separate federal action not to enforce any of the civil rights laws listed in § 1988, but solely to recover attorney's fees.

107 S.Ct. at 337–38.

Relying on the "plain language" of § 1988, the Court concluded that an award may not be made under such circumstances. *Id.* at 340. The opinion of the Court emphasized the requirement that a dispute must involve litigation for § 1988 to apply. After again pointing to the words *"in an action"* in § 1988, the Court stated: "On its face, § 1988 does not authorize a court to award attorney's fees except in an action to enforce the listed civil rights laws." *Id.* Near the end of her opinion for the Court

Justice O'Connor restated the conclusion as follows:

> Under the plain language and legislative history of § 1988, however, only a court in an action to enforce one of the laws listed in § 1988 may award attorney's fees.

*Id.* at 342.

As stated earlier in this opinion, this court reversed a denial of attorney's fees in *Seaway Drive-In, Inc. v. Township of Clay.* The issue in the case was whether the plaintiff's constitutional claim was substantial and arose out of a common nucleus of operative fact with the issue on which the plaintiff actually prevailed. The defendants point to a statement made by this court, in dicta, "[h]ad appellant not asserted a section 1983 claim, but instead asserted only the state law claims, or a federal law claim that is not listed in section 1988, and prevailed, it would not have been entitled to attorney's fees." 791 F.2d at 450 (footnotes omitted).

In *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), relied upon by the plaintiffs, the question was whether § 1988 authorizes attorney's fees only for § 1983 actions brought to obtain redress for constitutional violations or whether it applies as well to § 1983 actions alleging violations of federal statutes. The Court answered that "§ 1988 applies to all types of § 1983 actions, including actions based solely on Social Security Act violations." *Id.* at 128, 100 S.Ct. at 2574. In distinguishing *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), which turned on the reach of 28 U.S.C. § 1343, a jurisdictional statute, the court stated:

> [N]either the language of § 1988 nor its legislative history provides any basis for importing the distinctions *Chapman* made among § 1983 actions for purposes of federal jurisdiction into the award of attorney's fees by a court that possesses jurisdiction over the claim.[11]

*Id.* 448 U.S. at 129, 100 S.Ct. at 2574. Footnote 11 states in part:

> Section 1988 does not contain language like that in § 1343. Rather, § 1988 pro-

vides that attorney's fees may be awarded to the prevailing party "[i]n any action or proceeding to enforce [§ 1983]." Although the reference to actions "to enforce" § 1983 is somewhat imprecise in light of the fact that § 1983 does not itself create substantive rights, the legislative history makes it perfectly clear that the Act was intended to apply in any action for which § 1983 provides a remedy. See *Maine v. Thiboutot, ante* [448 U.S. 1], at 9–10 [100 S.Ct. 2502, 2506–07, 65 L.Ed.2d 555 (1980)].

The statement of the Supreme Court in *North Carolina Department of Transportation v. Crest Street* was made in a case where there was no court action prior to an action being brought solely for fees. In pointing out that such an independent action does not satisfy the requirement of § 1988 that a fee award be made *"in the action or proceeding to enforce"* provisions of an enumerated statute, 107 S.Ct. at 340 (emphasis in original), the Court did not hold that fees are not allowable where the prevailing party has in fact brought an action to enforce provisions of one of the listed statutes without citing the statute by number. Read in context, the quoted statement means that there must be litigation, as opposed to purely administrative proceedings, that qualifies under § 1988 before an award of fees may be made.

Similarly, the statement in *Seaway Drive-In* does not preclude an award of attorney's fees under § 1988 in this case. This is so because we have determined that the plaintiffs did in fact assert a § 1983 claim by charging the defendants with the infringement of constitutional rights, in the very language of § 1983, and by seeking an injunction to bring an end to the unconstitutional acts of the state and school board defendants. *Seaway* does not require a reference to § 1983; the substance of the constitutional claim controls the fee issue.

### C.

In summary, we conclude that the plaintiffs satisfied the requirements of § 1988 in that they prevailed in an action to en-

force a provision of § 1983—redress against persons acting under color of state law whose actions deprived the plaintiffs of "rights, privileges, or immunities secured by the Constitution." As the Supreme Court noted in *Maher v. Gagne*, this conclusion is supported by the legislative history of § 1988 which "makes it perfectly clear that the Act was intended to apply to any action for which § 1983 provides a remedy." 448 U.S. at 129 n. 11, 100 S.Ct. at 2574 n. 11. (Citation omitted). This was such an action.

The judgment of the district court is reversed, and the case is remanded for further proceedings to determine the amount of reasonable attorney's fees to be awarded.

MILBURN, Circuit Judge.

I respectfully dissent. As stated in the majority opinion, "[t]he complaint did not refer to 42 U.S.C. § 1983 or any other civil rights statute listed in 42 U.S.C. § 1988." At 629. Rather, "... the plaintiffs proceeded under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and identified the basis of the district court's jurisdiction as 28 U.S.C. §§ 1331 and 1343(a)(3)." At 630. It should be noted as set out in footnote 1 of the majority opinion that:

> Section 1988 as amended provides in pertinent part: *In any action or proceeding to enforce a provision of* section 1981, 1982, 1983, 1985, and 1986 of this title ... *the court,* in its discretion, *may allow the prevailing party,* other than the United States, *a reasonable attorney's fee* as part of the costs. (Emphasis supplied)

It should be further noted, as pointed out by the district judge, that there was never any mention made by the plaintiffs in the district court, either orally or in writing, that the plaintiffs were relying upon 42 U.S.C. § 1983 or any other statute set out in 42 U.S.C. § 1988. To the contrary, the district court was confronted with a straightforward declaratory judgment action as set out above, and it granted the prayed for relief. It was only after the

plaintiffs prevailed and following the appellate process that they, for the first time, sought to inject section 1983 in order to make a claim for attorney's fees under section 1988.

In *Seaway Drive–In, Inc. v. Township of Clay,* 791 F.2d 447, 450 (6th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 274, 93 L.Ed.2d 251 (1986), which is discussed in the majority opinion, we said:

> *Had appellant not asserted a section 1983 claim,* but instead asserted only the state law claims, *or a federal law claim that is not listed in section 1988,* and prevailed it would not have been entitled to attorney's fees.

(Emphasis supplied). To me, this language in *Seaway is not dicta but a holding of this circuit* setting out a clear limitation on awarding attorney's fees under section 1988. Therefore, I disagree with the majority's holding that "*Seaway* does not require a reference to 1983; the substance of the constitutional claim controls the fee issue." At 633. In my view, this holding is clearly at odds with *Seaway.*

I recognize that the majority takes comfort in footnote 11 in the Supreme Court's opinion in *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). However, although the majority referred to the case of *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* —— U.S. ——, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), and quoted the conclusion of the opinion in an attorney's fee dispute under section 1988, the majority failed, in my view, to follow the Supreme Court's holding. The conclusion in *North Carolina* as quoted in the majority opinion is: "Under the plain language and the legislative history of § 1988, however, only a court in an action to enforce one of the laws listed in § 1988 may award attorney's fees." As stated by the majority, the Court relied upon and emphasized the "plain language" of section 1988.

Clearly, this action was initiated by the plaintiffs for a declaratory judgment and injunctive relief with jurisdiction in the district court being predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3). While paragraph

25 of the plaintiffs' complaint sets out language contained in section 1983, the same language is set out in 28 U.S.C. § 1343(a)(3). The majority has engaged in "second guessing" as to whether or not the plaintiffs actually meant to bring a claim under section 1983 when, as earlier stated, there was never any mention made in the district court by the plaintiffs or their counsel that the matter involved a claim under section 1983 until they filed a motion for attorney's fees after they prevailed. Moreover, in all of the cases relied upon by the majority to support an award of attorney's fees in this case, section 1983 was set out in all the complaints of the plaintiffs in those cases where an award of attorney's fees was made. What the plaintiffs are attempting here is an after-the-fact conversion of their declaratory judgment action into a section 1983 claim for purposes of obtaining attorney's fees under section 1988.

In view of the plain language of section 1988 and the limitation set out by this circuit in *Seaway*, I would affirm the judgment of the district court, which denied the plaintiffs' motion for attorney's fees because their action was not a proceeding to enforce a provision of any of the civil rights statutes enumerated in section 1988.