600 A.2d 658

**HUMAN DEVELOPMENT OF ERIE, INC.**

v.

**The ZONING HEARING BOARD OF MILLCREEK TOWNSHIP.  (Two Cases)**

**Appeal of HUMAN DEVELOPMENT OF ERIE, INC. and Marie Kingsley et al.**

**Appeal of LAKESHORE COMMUNITY SERVICES, INC.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1991.

Decided Dec. 3, 1991.

Reargument Denied Jan. 27, 1992.

Mark J. Murphy, for individual cross-appellants.

John J. Mehler, for cross-appellant Human Development of Erie, Inc.

Richard W. Perhacs, for appellant Millcreek Tp. Zoning Hearing Bd.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

PELLEGRINI, Judge.

Human Development of Erie, Inc., Lakeshore Community Services, Inc. (Providers), and eleven mentally retarded residents of three community residential facilities operated either by Human Development of Erie, Inc. or Lakeshore

Community Services, Inc. (Residents), appeal an order denying their request for attorney's fees and costs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U.S.C. § 1988 (Section 1988), and the Fair Housing Act, 42 U.S.C. § 3613(c).

On December 14, 1987, Millcreek Township (Township) adopted Ordinance No. 87–24 (Amendment), which was an amendment to its zoning ordinance, excluding from all residential and agricultural districts "group homes" [1] for the "mentally retarded" and "physically handicapped" and "personal care boarding homes" [2] for those over 62 years of age. Group homes and personal care boarding homes were only permitted as a special exception in "A" and "B" business districts.

On January 13, 1988, pursuant to Section 1005 of the Municipalities Planning Code (MPC), 53 P.S. § 11005,[3] Pro-

---

1. The Amendment defines "group home" as:

   A dwelling where room and board is provided to not more than five permanent residents, including and limited to dependent children, mentally retarded or physically handicapped persons of any age or elderly persons, 62 or more years of age, who are in need of supervision and specialized services and no more than two supervisors on any shift who may or may not reside in the dwelling and who provide health, social and/or rehabilitative services to the residents. The services shall be provided only by a governmental agency, its licensed or certified agents, or any other responsible non-profit or for a profit social services corporation. The facility shall meet all of the minimum requirements of the sponsoring agency, as well as the applicable requirements of the state, federal and local governments.

2. The Amendment defines "personal care boarding home" as:

   A facility licensed by the Commonwealth located within a dwelling where room and board is provided to not more than five permanent residents, 62 or more years of age, who are not relatives of the operators, and who are mobile or semi-mobile and require specialized services in such matters as bathing, dressing, diet and medication prescribed for self-administration for a period exceeding 24 consecutive hours, but who are not in need of hospitalization or skilled or intermediate nursing care. The facility shall provide 24 hour supervision by staff qualified by the sponsoring agency with supervising staff not to exceed two supervisors on any shift.

3. Municipalities Planning Code of 1968, P.L. 608, *as amended,* 53 P.S. §§ 10101–11202. Subsequent to appeal to common pleas court,

viders and Residents challenged the validity of the Amendment to the Millcreek Township Zoning Hearing Board. Among other contentions raised before the Zoning Hearing Board,[4] either Providers or Residents claimed[5] that the Amendment violated the Equal Protection and Due Process Clauses of the United States and Pennsylvania Constitutions, because the zoning amendments impermissibly discriminated against certain persons and uses of property, and that the Township's action constituted an unlawful deprivation of rights under color of state law in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983).[6]

§ 1005 has been repealed. It has been replaced by § 916.1 of the MPC, 53 P.S. § 10916.1(b).

**4.** The other contentions raised were that the Amendment violates the Pennsylvania Human Relations Act; is invalid as "special legislation" in that it is aimed directly at particular parcels and uses of property; the Amendment is not a proper zoning measure; constitutes de facto exclusionary zoning in that the Amendment as applied acts to prohibit "group homes" and "personal care boarding homes" throughout Millcreek Township; is confiscatory and violates the Fifth and Fourteenth Amendments to the United States Constitution because it constitutes a taking of private property without just compensation; by prohibiting "group homes" and "personal care boarding homes" is arbitrary and capricious, and is not substantially related to the public health, safety, morals or general welfare; and otherwise constitutes an abuse of the Township's legislative discretion and violates the Constitutions, Statutes and Regulations of the United States and of this Commonwealth.

**5.** Only the Residents raised before the Zoning Hearing Board and in their Notice of Appeal that their Section 1983 rights were violated. Neither Residents nor Providers requested Section 1988 counsel fees in their Notice of Appeal. *See Fitzgerald v. City of Philadelphia,* 87 Pa.Commonwealth Ct. 482, 487 A.2d 485 (1985).

**6.** Section 1983 was enacted by the Act of April 20, 1871, 42 Congress, Session 1, Chapter 22, 16 STAT. 13, and provides:

That any person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action *at law, suit in equity or other proper proceeding for redress,* (Emphasis added.)

The enrolled bill then is immediately followed by the following clause:

After a hearing, on July 27, 1988, the Millcreek Township Zoning Hearing Board rejected those claims and found that the Amendment violated neither federal nor state laws nor constitutions, and was "reasonably related to the protection of the public health, safety and welfare and was rationally related to a legitimate governmental purpose." Pursuant to Section 11008 of the MPC, 53 P.S. § 11008[7], Providers and Residents appealed the decision to the court of common pleas.

On the basis of the record and without taking additional evidence, the trial court reversed the Millcreek Township Zoning Hearing Board and found that an exclusion of group homes and personal care boarding homes constituted a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. While the trial court did not specifically find a Section 1983 violation, it did find that the Amendment violated the recently amended Fair Housing Act, 42 U.S.C. § 3604(f),[8] because it impermissibly discriminated against the handicapped by lessening the availability of housing.

Because they prevailed, Providers and Residents requested attorney's fees and costs incurred in challenging the Amendment. The trial court denied the request for fees

Such proceeding *to be prosecuted in the several districts or circuit courts of the United States,* with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts ... (Emphasis added.)

This clause was codified and modified at 28 U.S.C. § 1343. Because the Township has withdrawn its appeal, the issue of whether a zoning board or a court on an appeal from a zoning hearing board can entertain a Section 1983 action is not before us.

7. Repealed and replaced by 53 P.S. § 11003(A).

8. The Fair Housing Amendments Act of 1988, P.L. No. 100–430, 102 Stat. 1619, 42 U.S.C. §§ 3601, 3616, was enacted after the Zoning Hearing Board rendered its decision and after Providers and Residents filed their Notice of Appeal. It makes it unlawful to "discriminate" in the sale or rental or to otherwise make available or deny a dwelling to any buyer or renter because of a handicap. We do not address whether it was proper for the trial court to raise this issue, even though it was not contained in the Notice of Appeal.

because it found that there was no bad faith on the part of · the Township in enacting the Amendment.

Providers and Residents appealed the denial of attorney's fees and costs and the Township appealed the trial court's decision on the merits. Prior to argument, however, the Township withdrew its appeal. Consequently, the only issue on appeal is whether a party can receive Section 1988 attorney's fees and costs incurred as a result of a challenge before the Zoning Hearing Board and an appeal from an adverse decision to the court of common pleas.

Providers and Residents contend that they are entitled to attorney's fees, both under Section 1988 and the Fair Housing Act. Section 1988 provides that attorney's fees can be awarded:

> The jurisdiction in *civil and criminal matters conferred on the district courts [of the United States] by the provisions of this Title,* and of Title "CIVIL RIGHTS" and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern *the said courts in the trial and disposition of the cause,* and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revise Statutes [42 USCS §§ 1981–1983, 1985, 1986], title IX of Public Law 92–318 [20 USCS §§ 1681 et seq.], or title VI of the Civil Rights Act of 1964 [42 USCS §§ 2000d et seq.], *the court, in its discretion, may allow*

*the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.* (Emphasis added.) [9]

In similar language, the Fair Housing Act, 42 U.S.C. § 3613(c), provides that "the court in its discretion may allow the prevailing party ... a reasonable attorney's fee and costs." Because they prevailed in their challenge to the Amendment, Providers and Residents argue that the common pleas court, as part of its appellate review, was required to impose attorney's fees either under Section 1988 or under the Fair Housing Act. *See Kentucky v. Graham,* 473 U.S. 159, 164, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114, 120 (1985).

In *North Carolina Department of Transportation v. Crest Street,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), the Supreme Court held that a prevailing party before an administrative agency cannot file an independent action to obtain Section 1988 attorney's fees, even if it had raised Section 1983–type claims before an administrative agency. While the Supreme Court has held that time spent before an administrative agency may be chargeable, either because the work was a condition precedent to a Section 1983 action, *Crest Street,* or was necessary to enforce rights obtained in a Section 1983 case, *Commonwealth of Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), because "only *a court* in an action to enforce one of the civil right's laws listed in Section 1988 may award attorney's fees", it stated that *"attorney's fees would be awarded only when those proceedings are part of or followed by a lawsuit."* *Crest Street,* 479 U.S. at 14, 107 S.Ct. at 341. (Emphasis added.) [10] Accordingly, whether

9. The Civil Rights Attorney's Fee Act of 1976 added the last sentence to Section 1988.

10. This rationale also applies to the Fair Housing Act, 42 U.S.C. § 3613(a), providing that "An aggrieved person *may commence a civil action* in an appropriate United States District Court or state court ... to obtain ... relief." The Act specifically requires a lawsuit to be filed in court to obtain relief.

Providers and Residents can be awarded attorney's fees is determined by whether a Notice of Appeal to the common pleas court from an adverse zoning hearing board decision is a "lawsuit."

Providers and Residents contend that the appeal from the zoning hearing board to the common pleas court is a "lawsuit." They contend inasmuch if they had chosen to challenge the Amendment in federal district court, they would be entitled to attorney's fees, "it would be illogical not to award attorney's fees simply because *this is a zoning appeal* that originated before a zoning hearing board."

■ A lawsuit in Pennsylvania is a civil action commenced in a court of competent jurisdiction in accordance with and subject to the Pennsylvania Rules of Civil Procedure. Rule 1007 of the Pa.R.C.P. provides that an action is commenced by filing a praecipe for writ of summons, a complaint or an agreement of amicable action. To the contrary, a Notice of Appeal is not filed pursuant to the Pa.R.C.P. because the rules are inapplicable to all statutory appeals, including one from the zoning hearing board.

As the Supreme Court stated in *Appeal of Churchill*, 525 Pa. 80, 575 A.2d 550, 553 (1990):

> In those special actions where we have not incorporated the rules of civil procedure by reference, they cannot be mandatorily imposed upon the trial courts or parties who litigate such matters. Such is the case with tax assessment appeals, and, more generally, with *all statutory appeals*, and to this extent, our Commonwealth Court's conclusion that the rules of civil procedure are inapplicable is correct, albeit for a different reason. (Emphasis added.)

■ A zoning Notice of Appeal then is not a lawsuit, but a statutory appeal filed pursuant to the MPC seeking the review of a zoning board action and cannot raise any issue not raised below. Moreover, it does not allow a judge to engage in fact finding, empanel a jury, award damages,[11] authorize discovery, enter judgments or grant injunctions.

**11.** *See Laskaris v. Thornburgh,* 733 F.2d 260 (3rd Cir.1984).

A zoning appeal is just what it says—it is an appeal and not a lawsuit.

Correspondingly, under the federal rules, a Notice of Appeal is not a lawsuit. F.R.C.P. 2 provides that "There shall be one form of action to be known as 'civil action.' "[12] F.R.C.P. 3 provides that "A civil action is commenced by filing a complaint with the court." A Notice of Appeal neither "commences" nor is it a "civil action", i.e., a lawsuit for which counsel fees can be awarded. To be cognizable as an action where Section 1988 counsel fees can be awarded, it has to be incurred in a lawsuit initiated by a complaint and in a trial where a jury can be impaneled, damages awarded or injunctive relief issued.

Moreover, the Supreme Court in *Crest Street* recognized that a claim initially brought before an administrative agency was not a lawsuit, and that the administrative review process was to be used to expeditiously resolve disputes rather than having to go to court to engage in "civil rights litigation" by stating:

"[C]ompetent counsel will be motivated by the interests of the client to pursue ... administrative remedies when they are available and counsel believes that they may prove successful." An interpretation of Section 1988 cannot be based on the assumption that "an attorney would advise the client to forgo an available avenue of relief solely because Section 1988 does not provide for attorney's fees ...." (Citing *Webb v. Dyer County Board of Education*, 471 U.S. 234, 241 n. 15, 105 S.Ct. 1923, 1927 n. 15, 85 L.Ed.2d 233, 241 n. 15 (1985)). Moreover, our holding creates a legitimate incentive for potential civil rights defendants to resolve disputes expeditiously, rather than risk the attorney's fees liability connected to *civil rights litigation.*

479 U.S. at 14–15, 107 S.Ct. at 341. (Emphasis added.)

Because a zoning appeal to the common pleas court is part of the administrative agency process and not a lawsuit,

---

**12.** The Notes of the Advisory Committee provide that "Reference to actions at law or suits in equity in all statutes should be treated as referring to the civil action prescribed in these rules."

Providers and Residents are not entitled to attorney's fees under either Section 1988 or the Fair Housing Act. The decision of the trial court is affirmed.

## ORDER

AND NOW, this 3rd day of December, 1991, the order of the trial court is affirmed.

SMITH, Judge, dissenting.

I dissent from what I perceive to be the Majority's avoidance of federal law and federal causes of action and the establishment of a policy to disfavor, discourage and/or restrain litigants from pursuing Section 1983 claims in state court proceedings, and concomitantly, the denial of litigants' rights to recover attorney's fees which may be awardable by courts to a "prevailing party" in any action or proceeding to enforce Section 1983 claims.

## I

The central issue presented to this Court is whether the trial court may award reasonable attorney's fees and costs to a prevailing party in proceedings to challenge a zoning ordinance where the trial court reverses the zoning hearing board and invalidates a zoning ordinance on the grounds that it violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Section 3604 of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604.[1] At hearing before the Board, counsel for the Residents argued that the Ordinance deprived them

1. The Fair Housing Amendments Act of 1988 became effective after the filing of the appeal to the trial court by Human Development of Erie and Lakeshore Community Services (Providers) and the Residents. The trial court's retroactive application of that Act to the instant matter was proper in that a manifest injustice would not result from its retroactive application since the underlying Ordinance No. 2 complies with federal law. Moreover, judicial economy would be served by preventing further duplicative litigation. See Bradley v. School Board of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

of their constitutional rights "under color of state law" in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983) [2] and that the Residents were entitled to an award of reasonable attorney's fees and costs pursuant to the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988 (Section 1988).[3]

The clause quoted in footnote 6 of the Majority's opinion is not current law found in 28 U.S.C. § 1343 and therefore has absolutely no application to the matter *sub judice.* Section 1343 merely provides that the federal district courts have original jurisdiction over a civil rights action when a plaintiff pursues civil right claims in the federal court. Moreover, contrary to the Majority's assertion, even though the Township withdrew its appeal, this Court still must decide whether Section 1983 claims were properly presented before the Board and the trial court since that court may only award attorney's fees in an action or proceeding to enforce Section 1983 claims.

In their notices of zoning appeal, Providers and the Residents reiterated their contentions before the Board that the Ordinance violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment and requested the trial court to grant "such other and further relief as may be appropriate." Although entitled to counsel fees as the prevailing parties, the Majority opinion defeats that

**2.** Section 1983 provides that:
> Every person who, under color of any statute, *ordinance,* regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (Emphasis added.)

**3.** Section 1988 provides that:
> In any action or proceeding to enforce a provision of sections 1981, 1982, *1983,* 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. (Emphasis added.)

right on the premise that the proceedings filed by Providers and the Residents did not constitute a "lawsuit" and consequently was an inappropriate avenue by which they could secure attorney's fees. The Majority holds, in the total absence of legal support, that the proceedings before the trial court were part of the administrative process and do not constitute a civil action subject to "fact finding, a jury to be impaneled, general damages to be awarded, discovery to be undertaken, judgments to be entered or order decrees to be carried out." Slip Op. at 8. The authority, however, of the trial court to conduct de novo review is without question.[4]

I initially note that in *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), the U.S. Supreme Court established state courts' jurisdiction over Section 1983 claims and their authority to award attorney's fees pursuant to Section 1988. The following demonstrates the Supreme Court's direction in this regard:

As we have said above, *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980), held that § 1983 may be brought in state courts. Representative Drinan described the purpose of the Civil Rights Attorney's Fees Awards Act as 'authoriz[ing] the award of a reasonable attorney's fee in actions brought in State or Federal courts.' 122 Cong.Rec. 35122 (1976). And Congress viewed the fees authorized by § 1988 as 'an integral part of the remedies necessary to obtain' compliance with § 1983. S.Rep. No. 94–1011, p. 5 (1976), U.S.Code Cong. & Admin.News 1976 at 5913. It follows from this history and from the Supremacy Clause that the fee provision is part of the § 1983 remedy whether the action is brought in federal or state court.

4. Section 1005–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005–A. The form and content of the notices of appeal filed in the trial court effectively commenced the parties' action or proceeding in that court to which answers were filed by the Township.

*Id.,* 448 U.S. at 11, 100 S.Ct. at 2507–08 (emphasis added). More recently in *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the U.S. Supreme Court stressed that the state court, in that case Florida, had no valid excuse for declining Section 1983 jurisdiction and that to permit a state court's refusal to accept such claims may encourage states to evade or avoid federal law or federal claims. Moreover, state courts have coordinate authority and responsibility under the Supremacy Clause to enforce the Supreme Law of the land and "[a] state court may not deny a federal right, when the parties and controversy are properly before it, in the absence of 'valid excuse'." *Id.,* 110 S.Ct. at 2439. Mere disagreement with federal legislation does not excuse a state court's refusal to recognize federal claims. *See also Tallon v. Liberty Hose Co. No. 1,* 336 Pa.Superior Ct. 530, 485 A.2d 1209 (1984) (attorney's fees can be awarded pursuant to Section 1988 in cases brought in state courts). Clearly, under case law interpreting Section 1988, the trial court has authority to award attorney's fees in the instant action.

## II

Section 1988 provides that a court may award attorney's fees "in any action or proceeding to enforce a provision of Section 1983." Since the proceeding before the Board was initiated by Providers and the Residents to bring an end to the violation of their constitutional rights "under color" of the challenged ordinance, the administrative proceeding before the Board and subsequent judicial review were "to enforce" a provision of Section 1983. The Supreme Court narrowed its interpretation of the language "in any action or proceeding to enforce" in *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986). The Court held that attorney's fees may not be awarded in an independent action brought solely to recover such fees, and thus a court may award attorney's fees only when it decides Section 1983 claims.

*Crest Street,* however, made clear the principle that a court hearing civil rights claims covered by Section 1988 may still award attorney's fees for time spent on state administrative proceedings. The Supreme Court's interpretation in *Crest Street* therefore precludes administrative proceedings not followed by a court proceeding from being "an action or proceeding" to enforce Section 1983.[5] There must be a court proceeding, as opposed to a purely administrative proceeding, for a plaintiff to recover attorney's fees. Inasmuch as the trial court proceeding in the matter *sub judice* was clearly "an action or proceeding" to enforce Section 1983, the statutory requirements of Section 1988 were satisfied.

It should also be emphasized that as both the majority and dissenting opinion pointed out, the effect of the Court's holding in *Crest Street* is that plaintiffs who are successful in obtaining administrative remedies, and therefore in no need to pursue further review by the court, cannot recover attorney's fees since successful plaintiffs are barred from filing an independent action to recover attorney's fees. On the other hand, plaintiffs who are unsuccessful or only partially successful in obtaining administrative remedies and later prevail in further court proceedings may be awarded attorney's fees. Thus, the law contemplates that attorney's fees would be awardable where a party prevails in "court" proceedings only. Surely, one cannot seriously argue that Providers and the Residents did not prevail in proceedings before a "court" and that the trial court in the matter *sub judice* did not possess the capability nor the authority, among other things, to engage in fact finding, award damages where requested, permit discovery by counsel, or to enter judgments or decrees.

Reliance upon *Appeal of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990) for the Majority's contention that the trial court

5. Since the Supreme Court's *Crest Street* decision, several Courts of Appeals have distinguished the Supreme Court's interpretation of the phrase "in any action or proceeding." *See Moore v. District of Columbia,* 907 F.2d 165 (D.C.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990).

had no authority to engage in, inter alia, fact finding or to enter judgment or grant injunctions, merely underscores the view taken in this dissent—the Majority has chosen to ignore one of the most fundamental issues in this case, *i.e.*, Pennsylvania's unique statutory scheme for challenging the validity of land ordinances. Also, *Churchill* makes clear that its holding has only general application in statutory appeals not involving tax assessments.

Section 909.1(a)(1) of the MPC, added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a)(1), provides that the Township Zoning Hearing Board has exclusive jurisdiction to hear and render final adjudication in a substantive challenge to the validity of any land ordinance. A landowner may also present a challenge to the validity of an ordinance to the governing body by filing an application for a curative amendment under Section 901.-1(b)(4) of the MPC, 53 P.S. § 10901.1(b)(4). Further, under Pennsylvania law, an action in mandamus in the state court is not permitted to challenge the validity of a zoning ordinance. *Likewise, in Pennsylvania a validity challenge may not be brought directly before the state court seeking declaratory or injunctive relief.* Knup v. Philadelphia, 386 Pa. 350, 126 A.2d 399 (1956); *Commonwealth v. County of Bucks,* 8 Pa.Commonwealth Ct. 295, 302 A.2d 897 (1973). This limitation is so even though the challenge may be based upon a cause of action under Section 1983.

Thus, Providers and the Residents were left with a mandatory state scheme for pursuing their challenge to the validity of the Ordinance—filing a challenge to the Zoning Hearing Board and thereafter seeking judicial review of the Board's decision if unsuccessful. Hence, due to the unique procedural scheme under Pennsylvania law, the instant litigation having been heard and decided by a court of competent jurisdiction does indeed constitute "an action or proceeding" such as would satisfy the procedural standards for invoking relief under Section 1988.[6] The Majority has

6. *See* for analogy *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), where the Supreme Court

nonetheless determined that the mandatory scheme under Pennsylvania law for challenging validity of land ordinances warrants neither consideration nor analysis in terms of the effects of that scheme, but instead, merely focuses on whether the action was commenced by the filing of a complaint governed by the Pennsylvania Rules of Civil Procedure.[7]

Section 1988 relief need not be specifically pled in the original proceedings in order for a court to award attorney's fees. *Gumbhir v. Kansas State Board of Pharmacy,* 231 Kan. 507, 646 P.2d 1078 (1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983); *see also Ramah Navajo School Board, Inc. v. Bureau of Revenue,* 104 N.M. 302, 720 P.2d 1243 (1986), *cert. denied,* 479 U.S. 940, 107 S.Ct. 423, 93 L.Ed.2d 373 (1986). Further, courts have awarded attorney's fees so long as the pleadings contain a request "for such relief as the court may deem just and proper." *Local 391, International Brotherhood of Teamsters v. City of Rocky Mount,* 672 F.2d 376 (4th Cir.1982). Since Providers and the Residents have succeeded on "the significant issue in litigation that has achieved the benefits sought in bringing an action," they were undoubtedly "prevailing parties" under Section 1988, *Texas State Teachers Ass'n v. Garland Independent School District,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), and are therefore entitled to attorney's fees subject to the trial court's discretion. *See Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Americans United for Separation of Church & State v. School District of Grand Rapids,* 835 F.2d 627 (6th Cir.1987).

allowed an attorney's fee claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. on behalf of a claimant who prevailed in the mandatory state administrative scheme for pursuing discrimination charges. The Court concluded that the term "proceeding" contained in 42 U.S.C. § 2000e–5(k) includes all of the various types of proceedings in which the civil rights statute is enforced. *Also see Maine v. Thiboutot, supra.*

7. The Rules of Civil Procedure apply to "actions and proceedings" in a court of competent jurisdiction. Pa.R.C.P. No. 126.

The court's discretion in awarding reasonable attorney's fees is "extremely narrow," *Americans United,* and subject to the principle that one who prevails in a civil rights action under Section 1983 should ordinarily recover attorney's fees unless special circumstances would render such an award unjust. *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). *See also Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *Ashley v. Atlantic Richfield Co.,* 794 F.2d 128 (3d Cir.1986). The trial court in its supplemental opinion states that its denial of attorney's fees was based on a finding of a lack of bad faith on the part of the Township. A lack of bad faith, however, is not the proper standard for determining whether to award attorney's fees pursuant to Section 1988. *Entertainment Concepts, Inc. III v. Maciejewski,* 631 F.2d 497 (7th Cir.1980), *cert. denied,* 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981). Hence, the factors relied upon by the trial court do not reflect the special circumstances which would overcome the *Newman* presumption that ordinarily a prevailing plaintiff should be awarded attorney's fees.

Consequently, the trial court's failure to award attorney's fees constituted an abuse of discretion, and I would therefore reverse and remand this matter to the trial court for further proceedings to determine an amount for reasonable attorney's fees payable to the prevailing parties in this litigation.