BEAVER CREEK PROPERTY OWNERS ASSOCIATION, INC.; Strawberry Park at Beaver Creek Owners Association, Inc.; Milledge A. Hart, III; Jack Bergman; and John Does 2 and 3 (Owners of Lots in Strawberry Park), Plaintiffs–Appellees,

v.

BACHELOR GULCH METROPOLITAN DISTRICT, a quasi-municipal corporation and political subdivision of the State of Colorado, Defendant–Appellant.

No. 10CA1024.

Colorado Court of Appeals, Div. IV.

Dec. 8, 2011.

HindmanSanchez P.C., William H. Short, Molly C. Lucas, Arvada, Colorado; Johnson & Repucci LLP, Lew M. Harstead, Boulder, Colorado, for Plaintiff–Appellant Beaver Creek Property Owners Association, Inc.

Holland & Hart LLP, Timothy M. Rastello, Stephen G. Masciocchi, Christina F. Gomez, Boulder, Colorado, for Plaintiffs–Appellants Strawberry Park at Beaver Creek Owners Association, Inc., Milledge A. Hart, III, Jack Bergman, and John Does 2 and 3 (Owners of Lots in Strawberry Park).

Davis Graham & Stubbs LLP, Andrew M. Low, Kyle W. Brenton, Denver, Colorado, for Defendant–Appellant.

Mary G. Zuchegno, Ann A. Terry, Denver, Colorado, for Amicus Curiae Special District Association of Colorado.

Geoffrey T. Wilson, Denver, Colorado, for Amicus Curiae Colorado Municipal League.

Light, Kelly & Dawes, P.C., Samuel J. Light, Denver, Colorado, for Amicus Curiae Colorado Counties Property and Liability Pool.

Kathleen A. Sullivan, Denver, Colorado, for Amicus Curiae Colorado Association of School Boards.

Opinion by Judge GABRIEL.

Defendant, Bachelor Gulch Metropolitan District (Bachelor Gulch), appeals the district court's orders awarding attorney fees and costs under 42 U.S.C. § 1988 to two groups of plaintiffs (plaintiffs), namely, Beaver Creek Property Owners Association, Inc. (Beaver Creek) and Strawberry Park at Beaver Creek Property Owners Association, Inc. and certain of its owners (collectively, Strawberry Park). We conclude that the district court erred in awarding attorney fees to Beaver Creek in connection with federal constitutional claims that Beaver Creek added after the district court ruled in its favor on the principal substantive issue in the case. We further conclude that the district court did not err in finding that Strawberry Park's constitutional claims were substantial enough to warrant an award of attorney fees and costs. Accordingly, we reverse the orders as to Beaver Creek, affirm as to Strawberry Park, and remand for a determination of the amount of reasonable appellate fees to be awarded to Strawberry Park.

## I. Background

When Vail/Arrowhead, Inc. (Vail) began developing the Strawberry Park subdivision, it agreed not to route any of its construction traffic through the Beaver Creek subdivision. Instead, Vail sent all of its construction traffic over a road in the neighboring community of Bachelor Gulch.

As pertinent here, in April 2006, Bachelor Gulch enacted a road regulation that effectively banned Strawberry Park subdivision construction traffic from its roads. Plaintiffs and others then sued Bachelor Gulch, asserting various state law claims and seeking a permanent injunction and a declaration that the regulation was invalid and unenforceable on state law grounds. Vail and Strawberry Park also brought federal constitutional claims under 42 U.S.C. § 1983, with Vail alleging that the regulation violated its rights to equal protection and to travel and Strawberry Park alleging that the regulation vio-

lated its equal protection and substantive due process rights.

In February 2007, plaintiffs moved for partial summary judgment on their declaratory judgment claims. Vail did not file its own motion for partial summary judgment, but filed a "Final Statement of Position," which supported the grant of summary judgment declaring that Bachelor Gulch roads were open to Strawberry Park construction traffic.

The court granted plaintiffs' motion, holding that the regulation was invalid on state law grounds. Notably, in its order, the court twice observed that in ruling as it did, it was avoiding potential constitutional questions. Based on this ruling, the court ultimately granted a permanent injunction prohibiting Bachelor Gulch from enforcing the traffic regulation.

In October 2007, after the court had held that the traffic regulation was invalid and unenforceable but before the court entered the permanent injunction, Beaver Creek moved to amend its original pleadings to add, among other claims, a section 1983 claim challenging the traffic regulation on substantive due process and equal protection grounds. The district court granted Beaver Creek's motion to amend, although it later dismissed Beaver Creek's (and Strawberry Park's) constitutional claims as moot because, among other things, it had already invalidated the regulation on state law grounds.

Thereafter, Vail, Beaver Creek, and Strawberry Park moved for awards of attorney fees and costs under 42 U.S.C. § 1988. The court granted the motions and awarded fees and costs totaling $954,221.

Bachelor Gulch appealed these awards but later settled with Vail. Accordingly, only the awards of fees and costs to Beaver Creek and Strawberry Park are now before us.

## II. Applicable Law

■ Section 1988(b) provides, in pertinent part, "In any action or proceeding to enforce a provision of [section 1983 or various other statutes], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." In determining wheth-

er fees are awardable under this statute in connection with a section 1983 claim, courts look to the substance of the underlying federal or constitutional claim, rather than how it might be labeled in the complaint. *See, e.g., Americans United for Separation of Church & State v. School Dist.,* 835 F.2d 627, 631, 633–34 (6th Cir.1987) (in a case in which the plaintiff had pled a claim under section 1983 without specifically relying on that statute, the court awarded fees under section 1988 because (1) section 1988 is concerned with the substance of a prevailing party's action, rather than the form in which it is presented, and (2) "[t]he mere failure to plead or argue reliance on § 1983 is not fatal to a claim for attorney's fees if the pleadings and evidence do present a substantial Fourteenth Amendment claim for which § 1983 provides a remedy"); *Solomon v. City of Gainesville,* 796 F.2d 1464, 1466 (11th Cir.1986) (holding that a plaintiff who initially brought a civil rights claim but waived that claim and then prevailed on a claim not enumerated in section 1988 could recover attorney fees under section 1988, because section 1983 provided a remedy, even though relief was awarded on another ground); *Int'l Soc. for Krishna Consciousness, Inc. v. Colo. State Fair & Indus. Exposition Comm'n,* 673 P.2d 368, 374 (Colo. 1983) ("For the purpose of recouping attorney's fees under section 1988, express reference to conduct as violative of section 1983 is not required; section 1988 is applicable to any action for which section 1983 provides a remedy. We conclude that the complaint here states a claim for relief under section 1983.") (citations omitted); *Mahaney v. City of Englewood,* 226 P.3d 1214, 1221 (Colo.App. 2009) (same).

■ In addition, when a party joins state law and constitutional claims but prevails only on the state law claims, a court may still award attorney fees under section 1988 if the constitutional claim was "substantial" and the state law claim arose from a common nucleus of operative facts. *See Maher v. Gagne,* 448 U.S. 122, 132 & n. 15, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Deighton v. City Council,* 3 P.3d 488, 490 (Colo.App.2000); *see also* H.R.Rep. No. 94–1558, at 4 n. 7 (1976).

The legislative history of section 1988 makes clear that a constitutional claim is "substantial" if it satisfies the substantiality test that the Supreme Court outlined in *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). *See* H.R.Rep. No. 94–1558, at 4 n. 7; *accord Plott v. Griffiths*, 938 F.2d 164, 167–68 (10th Cir.1991). Thus, the House of Representatives report on an amendment to section 1988 stated:

> To the extent a plaintiff joins a claim under one of the statutes enumerated in [section 1988] with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines*, 486 F.2d 880 (7th Cir.1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In such cases, if the claim for which fees may be awarded meets the "substantiality" test, *see Hagans v. Lavine, supra; United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact." *United Mine Workers v. Gibbs, supra*, at 725, 86 S.Ct. 1130.

H.R.Rep. No. 94–1558, at 4 n. 7.

In *Hagans*, 415 U.S. at 537, 94 S.Ct. 1372, the Supreme Court held that a claim is insubstantial if it is "essentially fictitious," "obviously frivolous," or "obviously without merit." The Court added:

> The limiting words "wholly" and "obviously" have cogent legal significance.... [T]hose words import that claims are constitutionally insubstantial only if the prior decisions inescapably render · the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial.... A claim is insubstantial only if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions [sic] sought to be raised can be the subject of controversy."

*Id.* at 537–38, 94 S.Ct. 1372 (quoting *Ex parte Poresky*, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933)).

This relatively low bar for establishing substantiality is consistent with Congress's intention that a party who succeeds in enforcing his or her civil rights "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

### III. Beaver Creek's Fee Award

■ Bachelor Gulch first contends that the district court erred in awarding attorney fees to Beaver Creek because Beaver Creek did not add its section 1983 claims until after the district court had granted partial summary judgment for plaintiffs. Beaver Creek responds that it is entitled to recover the fees because its constitutional claims related back to the date of its original filings under C.R.C.P. 15. We agree with Bachelor Gulch.

### A. After–Filed Claims

■ As noted above, a party may recover fees under section 1988 when it has pled a substantial constitutional claim, even if it did not specifically label the properly pled claim as a constitutional claim arising under section 1983 in its complaint, and even if the party never obtained a ruling on that claim. *See Maher*, 448 U.S. at 132 & n. 15, 100 S.Ct. 2570; *Americans United*, 835 F.2d at 633–34; *Solomon*, 796 F.2d at 1466. Beaver Creek cites no applicable authority, however, and we are aware of none, that allows a party who did not substantively plead a section 1983 claim or a constitutional claim to await a ruling on state law claims and then amend its complaint to add a section 1983 or a constitutional claim in order to create a basis for a fee award. To the contrary, in each of the cases on which Beaver Creek principally relies, the plaintiffs had at least pled the substance of a constitutional claim, even if the

claim was not specifically labeled as a constitutional claim under section 1983. *See, e.g., Maher,* 448 U.S. at 125, 100 S.Ct. 2570 (noting that the complaint had alleged equal protection and due process violations); *Americans United,* 835 F.2d at 632 (noting that the plaintiffs had pled a claim under section 1983 in their complaint without specifically relying on that statute).

Moreover, allowing a plaintiff to assert new constitutional claims only after it prevails in order to create a basis for seeking a fee award would contravene basic notions of fairness and due process. Among other things, such a practice would deprive opposing parties of an opportunity to factor into their case analyses their exposure to a fee award, as well as the opportunity to litigate the constitutional claim and perhaps avoid an adverse fee award. We decline to endorse such a practice.

Nor have we seen any authority supporting Beaver Creek's contention that it can recover attorney fees under section 1988 as long as it *could* have brought a section 1983 claim, regardless of whether it actually did so. To the contrary, as noted above, *Maher,* 448 U.S. at 132, 100 S.Ct. 2570, and its progeny, *see, e.g., Americans United,* 835 F.2d at 633–34; *Solomon,* 796 F.2d at 1466, require the plaintiff to assert a section 1983 or constitutional claim, at least in substance, before pursuing a fee award under section 1988.

Notwithstanding the foregoing, Beaver Creek argues that it is entitled to recover fees because (1) the relation back doctrine applies, (2) it amended its complaint before the court granted the permanent injunction, thus rendering the amendment timely, and (3) the other plaintiffs in this case asserted constitutional claims. We reject each of these assertions in turn.

## B. Relation Back

Although Beaver Creek's amended complaint may have satisfied the technical requirements of C.R.C.P. 15's relation back doctrine, Beaver Creek cites no applicable authority, and we are aware of none, that supports its contention that the relation back doctrine may be used to create a post hoc basis for an award of attorney fees under section 1988. "Relation back is intimately connected with the policy of the statute of limitations." Fed.R.Civ.P. 15 advisory committee notes on 1966 amendment. When the rules governing the relation back of claims are satisfied, neither of the policies underlying statutes of limitations, namely, evidentiary concerns and repose, is implicated. *Admiral Ins. Co. v. Abshire,* 574 F.3d 267, 276–77 (5th Cir.2009). This is because a timely claim sufficiently puts the defendant on notice of, and allows him or her to preserve evidence relating to, a later-added claim that arises out of a common nucleus of operative facts. *Id.* The relation back doctrine, however, is not designed for purposes other than ameliorating the effect of the statute of limitations, such as an after-the-fact effort to create a basis for a fee award.

*Wilson v. Goldman,* 699 P.2d 420, 426 (Colo.App.1985), which Beaver Creek inappropriately brought to our attention by way of a C.A.R. 28(j) submission of supplemental authority, *see* C.A.R. 28(j) (allowing for the submission of "pertinent and significant *new* authority") (emphasis added), is inapposite. In *Wilson,* the plaintiff sued the defendant for breach of certain protective covenants. Those covenants contained a fee-shifting provision, entitling identified parties, including the plaintiff, to an award of attorney fees for successfully enforcing the covenants. *See* 699 P.2d at 426. Although the plaintiff's initial complaint for breach of the covenants did not include a request for attorney fees, the plaintiff later amended the complaint to add such a request. *See id.* Thereafter, the district court found that the defendant had violated the covenants but limited the plaintiff's recovery of fees to those incurred after the amended complaint was filed. *See id.* The plaintiff appealed that limitation, and a division of this court reversed, concluding that the amended complaint related back to the date of the initial complaint. *See id.*

Contrary to Beaver Creek's assertions, *Wilson* is inapplicable for two reasons. First, in *Wilson,* the claim for a violation of the protective covenants, which supported the fee award, was included in the plaintiff's original complaint. Here, in contrast, Bea-

ver Creek alleged no constitutional or statutory violation in its initial complaint that would have supported a claim for fees under section 1988. Second, it appears that the plaintiff in *Wilson* filed the amended complaint before the district court had found that the defendant had violated the covenants at issue. Here, in contrast, Beaver Creek did not seek to add claims that would have supported a fee award until after the district court had granted partial summary judgment concluding that the traffic regulation at issue was invalid and unenforceable.

The division's decision in *Brossia v. Rick Construction, L.T.D. Liability Co.*, 81 P.3d 1126, 1130 (Colo.App.2003), is instructive here. In *Brossia*, a division of this court rejected the Brossias' assertion that a new claim for imposition of an equitable lien related back to the filing of their original complaint for purposes of validating a previously but improperly recorded lis pendens. *Id.* Specifically, as pertinent here, after noting that relation back is of importance primarily when the statute of limitations is implicated, the division opined:

> Although the Brossias' amended complaint may relate back to their original complaint for some purposes under C.R.C.P. 15(c), we conclude that it does not relate back here for the particular purpose of validating, after the fact, the Brossias' otherwise invalid recording of their lis pendens.

*Id.*

Applying similar reasoning, other courts have likewise concluded that the relation back doctrine is inapplicable when the purpose is other than to avoid an expired statute of limitations. *See, e.g., Farber v. Wards Co.*, 825 F.2d 684, 689 (2d Cir.1987) (rejecting a landlord's argument that his amended complaint seeking retroactive use and occupancy payments related back to his original filing, so as to avoid a bankruptcy bar, because the relation back doctrine applies only for purposes of the statute of limitations, which was not implicated); *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 n. 4 (9th Cir.1982) ("The few cases in which relation back may apply outside the context of statutes of limitations fail even remotely to suggest application of the doctrine to attor-

neys fees."); *Doe v. O'Bannon*, 91 F.R.D. 442, 447 (E.D.Pa.1981) (holding that the purpose of relation back is to ameliorate the effect of the statute of limitations; thus, an amended complaint did not relate back to the original complaint when the plaintiff was not seeking to avoid a statute of limitations, but rather was seeking to establish standing); *Zalkind v. Ceradyne, Inc.*, 194 Cal.App.4th 1010, 124 Cal.Rptr.3d 105, 124–25 (2011) (holding that the relation back doctrine did not extend to a provision of California's corporations code, because the purpose of that code was not the same as or similar to that of a statute of limitations, which is to move suits expeditiously toward trial); *City & County of Honolulu v. Hsiung*, 109 Hawai'i 159, 124 P.3d 434, 453 (2005) (holding that a city could not rely on the relation back doctrine to cure its failure to include in its original complaint the requisite number of qualified applicants to support a condemnation proceeding, because the rationale of the relation back doctrine is to ameliorate the effect of the statute of limitations, which was not at issue).

We are persuaded by these cases and, applying their rationale here, conclude that Beaver Creek may not rely on the relation back doctrine to establish, after the fact, a basis for seeking attorney fees.

### C. Timeliness of Beaver Creek's Added Claim

With respect to Beaver Creek's contention that its added section 1983 claim was timely because it amended its complaint before the district court granted the permanent injunction, we note that the grant of the permanent injunction was based on the court's previous grant of partial summary judgment, which was entered some fourteen months before Beaver Creek sought to amend its complaint. Accordingly, we reject Beaver Creek's suggestion that it added its section 1983 and underlying constitutional claims before the district court had decided the primary issue in this case.

### D. Constitutional Claims of Other Parties

With respect to Beaver Creek's contention that it may recover attorney fees under section 1988 because other parties properly as-

serted constitutional claims in this case, Beaver Creek cites no applicable authority in support of this position, and we have seen none. Accordingly, we reject this contention.

For these reasons, we conclude that the district court erred in awarding Beaver Creek attorney fees in connection with constitutional claims that were filed after the court had invalidated the traffic regulation.

## IV. Strawberry Park's Fee Award

Bachelor Gulch next argues that the district court erred in awarding Strawberry Park its attorney fees because Strawberry Park's constitutional claims were not sufficiently "substantial." Specifically, Bachelor Gulch contends that the district court erred in finding that Strawberry Park's constitutional claims were substantial merely because they would survive a motion to dismiss for failure to state a claim. Although our analysis differs in some respects from that of the district court, we perceive no reversible error.

### A. Amicus Brief

■ As an initial matter, we note that amici have submitted a brief arguing, among other things, that the *Hagans* substantiality test should not apply in this case. Because Bachelor Gulch does not assert this argument on appeal, we will not consider it. *Gorman v. Tucker*, 961 P.2d 1126, 1131 (Colo. 1998) ("We will not consider issues raised only by amicus curiae and not by the parties.").

### B. Applicable Law

As noted above, the legislative history of section 1988 makes clear that a prevailing party is eligible to recover attorney fees under that section if it pled a "substantial" section 1983 or constitutional claim, even if it did not specifically label the properly pled claim as a constitutional claim arising under section 1983 in its complaint, and even if the district court ultimately did not rule on that claim. Congress further made clear that "substantiality" for purposes of section 1988 would be determined under the standard set forth in *Hagans*, 415 U.S. at 537–38, 94 S.Ct. 1372, which states that a claim is substantial when it is not "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." H.R.Rep. No. 94–1558, at 4 n. 7; *accord Plott*, 938 F.2d at 167–68; *accord Deighton*, 3 P.3d at 490; *see also Brown v. Davidson*, 192 P.3d 415, 421–22 (Colo.App.2006) (opining that "[a] constitutional claim is substantial unless it is without merit, wholly frivolous, or barred by prior Supreme Court decisions" and that "the test for a substantial claim does not require a finding that plaintiff would ultimately prevail on the merits").

Although Bachelor Gulch and Strawberry Park generally agree on these standards, they disagree as to how the standards should be applied here. Specifically, Bachelor Gulch contends that (1) "obviously frivolous" and "obviously without merit" are not necessarily synonymous; (2) just because a claim is sufficient to survive a motion to dismiss for failure to state a claim does not automatically render it substantial under the *Hagans* test, *cf. Neitzke v. Williams*, 490 U.S. 319, 329, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (noting that not all claims that fail to state a claim are frivolous and that "a finding of a failure to state a claim does not invariably mean that the claim is without arguable merit"); and (3) in assessing the substantiality of a claim under *Hagans*, we need look no further than the face of the complaint.

Strawberry Park takes the opposite positions. Specifically, it contends that (1) "obviously frivolous" and "obviously without merit" have been used interchangeably; (2) if a claim is sufficient to survive a motion to dismiss for failure to state a claim, it necessarily satisfies the *Hagans* test; and (3) it is proper to look beyond the face of the complaint to determine if a claim is sufficiently substantial under *Hagans*.

■ We agree in part with both Bachelor Gulch and Strawberry Park on these points. Specifically, we agree with Strawberry Park that courts appear to have used "obviously frivolous" and "obviously without merit" interchangeably. *See, e.g., Hagans*, 415 U.S. at 537–38, 94 S.Ct. 1372; *Deighton*, 3 P.3d at 490; *Brown*, 192 P.3d at 421. We agree with Bachelor Gulch, however, that the mere fact

that a claim is sufficient to survive a motion to dismiss does not automatically establish that it is substantial under *Hagans*. This is because, as Strawberry Park suggests, we can look beyond the face of the complaint in making a determination as to substantiality, and in certain cases, evidence produced after a claim is properly alleged may well establish that the claim was not, in fact, substantial within the meaning of *Hagans*. Stated otherwise, merely reciting the elements of a section 1983 or constitutional claim in a complaint will not in every case suffice to establish the requisite substantiality under *Hagans* so as to justify an award of attorney fees.

Accordingly, we must determine whether, in light of both Strawberry Park's allegations *and* the evidence produced in the district court, Strawberry Park's constitutional claims were substantial under *Hagans*. We conclude that they were.

### C. Application

■ To establish a claim under 42 U.S.C. § 1983, a party must allege that the defendant acted under color of state law and deprived him or her of a right, privilege, or immunity secured by the federal constitution and laws. *See Int'l Soc. for Krishna Consciousness,* 673 P.2d at 373.

■ To establish a substantive due process claim under section 1983, a party must show a violation of the component of the Due Process Clause that protects individuals against arbitrary governmental action that deprives them of life, liberty, or property, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 845–46, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *Perez v. Unified Gov't of Wyandotte Cnty.,* 432 F.3d 1163, 1166 (10th Cir. 2005); *see also People v. Dash,* 104 P.3d 286, 290 (Colo.App.2004) ("Substantive due process prohibits the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. It forbids the government from infringing upon fundamental liberty in-

terests, no matter what process is afforded, unless such infringement is narrowly tailored to serve a compelling state interest.").

■ To establish an equal protection claim under section 1983, a party must show that the defendant acted under color of state law to create a classification that "arbitrarily single[d] out a group of persons for disparate treatment" and did not treat similarly situated people in the same manner. *Ewy v. Sturtevant,* 962 P.2d 991, 995 (Colo.App. 1998).

■ Both Bachelor Gulch and Strawberry Park agree that Strawberry Park's due process and equal protection claims here are subject to the rational basis test. Under this standard, Strawberry Park was required to establish that the traffic regulation at issue and the classification that it allegedly established lacked a rational relationship to a legitimate governmental purpose. *See Washington v. Glucksberg,* 521 U.S. 702, 728, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (due process claim); *Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (equal protection). As Bachelor Park asserts, the burden on a plaintiff seeking to establish that legislation lacks such a rational basis is significant, because under rational basis analysis, courts accord challenged legislation a strong presumption of validity. *Heller,* 509 U.S. at 319, 113 S.Ct. 2637.

■ Here, Bachelor Gulch does not appear to dispute that Strawberry Park's allegations were sufficient to state viable substantive due process and equal protection claims. Rather, it asserts that the very face of Strawberry Park's complaint shows that its constitutional claims were obviously without merit, because Strawberry Park's own allegations show that Bachelor Gulch had legitimate safety concerns for taking the actions that it did. Bachelor Gulch also presented evidence to support these assertions.

Strawberry Park responds that Bachelor Gulch's actions in enforcing the traffic regulation were "arbitrary, capricious and irrational, undertaken with bad faith pre-textual motives, and [were] intentionally and deliberately done for the purpose of denying [Straw-

berry Park its] constitutionally protected rights to due process and equal protection of the laws." In support of these assertions, Strawberry Park introduced evidence to show, among other things, that for more than a decade, Strawberry Park homeowners and contractors used the roads at issue for construction traffic without a single complaint from Bachelor Gulch and without a single major accident or incident directly related to construction traffic. Strawberry Park also introduced evidence tending to prove that the regulation effectively barred construction traffic from traveling to the Strawberry Park subdivision, because the regulation prevented such traffic from using the very roads that construction traffic was required to use. Such evidence tended to support Strawberry Park's assertions that Bachelor Gulch's professed safety concerns were pretextual and that the regulation at issue was arbitrary and served no legitimate governmental objective.

Thus, we are confronted with a substantial evidentiary record in which both sides presented evidence tending to support their respective positions. In light of this record, and fully recognizing that a plaintiff seeking to invalidate a regulation on rational basis grounds faces an uphill battle, we cannot conclude that Strawberry Park's constitutional claims were "obviously without merit," as Bachelor Gulch contends.

Accordingly, we conclude that Strawberry Park's constitutional claims were sufficiently substantial under *Hagans* to warrant an award of attorney fees under section 1988.

### V. Appellate Fees

Both Beaver Creek and Strawberry Park seek an award of appellate fees under C.A.R. 39.5 and section 1988. For the reasons set forth above, Beaver Creek's request is denied, and Strawberry Park's request is granted. We exercise our discretion under C.A.R. 39.5 and remand this case to the district court for a determination of the amount of the reasonable appellate fees to be awarded to Strawberry Park.

### VI. Conclusion and Remand Order

For these reasons, the orders are reversed as to Beaver Creek and affirmed as to Straw-

berry Park, and the case is remanded for a determination of the amount of the reasonable appellate fees to be awarded to Strawberry Park.

Judge DAILEY and Judge GRAHAM concur.